## THE WESTERN UNION TELEGRAPH COMPANY *v.* LEVI.

PRACTICE.—*Transfer of Cause to United States Court.*—By the judiciary act of 1789 (U. S. Stat. at Large, vol. 1; p. 79, sec. 12), it is only where the amount in dispute exceeds the sum of five hundred dollars, exclusive of costs, that a cause can be transferred from a state court, on the petition of a party residing in another state, to the Circuit Court of the United States.

EVIDENCE.—On the trial of an action against a telegraph company, for negligence in permitting telegraph poles to fall and suspend the wires across a highway, where a question is raised as to the soundness of the poles, it is error to admit evidence of the condition of other poles forty or sixty rods away, without any evidence to show that they were of the same kind, put up at the same time, and equally exposed.

From the Hamilton Circuit Court.

*J. E. McDonald, J. M. Butler, D. Moss,* and *F. M. Trissal,* for appellant.

*T. J. Kane* and *A. F. Shirts,* for appellee.

WORDEN, J.—This was an action by the appellee against the appellant, to recover damages from the defendant for carelessly and negligently suffering its telegraph poles to fall down, and the wires suspended thereby, where the latter crossed a public highway, whereby the plaintiff's horses and carriage were injured as he was driving along the highway across which the wires had so fallen down. The complaint demanded damages in the sum of four hundred dollars. The defendant appeared and filed a petition for the removal of the cause to the Circuit Court of the United States, showing that it was a foreign corporation and the plaintiff a citizen of the State of Indiana. The petition was overruled, and the defendant excepted. Issue was joined, and the cause was tried by a jury, who found for the plaintiff, and judgment was rendered accordingly, over a motion by the defendant for a new trial.

The refusal of the court to transfer the cause is assigned for error. The court rightly refused to make the transfer. The amount in controversy was only four hundred dollars, as that was all that was demanded in the complaint. By the twelfth section of the judiciary act of 1789 (U. S. Stat. at

Large, vol. 1, p. 79), it is only where the matter in dispute exceeds the sum or value of five hundred dollars, exclusive of costs, that such transfer is authorized. The petition states that the action is brought to recover five hundred dollars damages, and it is suggested that the *ad damnum* in the complaint was changed after the petition was filed from five to four hundred dollars. But no such change appears, either by bill of exceptions or otherwise, to have been made. The complaint comes up to us with a demand for damages in the sum of four hundred dollars, and we must presume that that was the sum originally demanded, unless the contrary is made to appear. Besides this, if the sum originally demanded was five hundred dollars, it would not authorize the transfer. To authorize the transfer, we have seen that the matter in dispute must exceed the sum or value of five hundred dollars.

The poles and wires, it appears, fell on an evening, and the injury occurred to the plaintiff at a later hour on the same evening, in driving along the highway upon which they had fallen.

On the trial, it became a material question whether the poles which had thus fallen were sound, or rotten and decayed. On this point there was a conflict in the evidence, some witnesses testifying that they were rotten, and one, at least, that they were sound.

Leonard Wild, a witness introduced by the plaintiff, testified that he did not know the condition of the poles at the place where the accident occurred, but he knew their condition forty or sixty rods away. The defendant objected to the witness' testifying to the condition of the poles elswhere than at the place of the accident, but the objection was overruled, and the defendant excepted. The witness then proceeded as follows:

"Forty or sixty rods away from where the accident occurred, the poles were rotten, and a six year old child could have pushed them over from water station to Stony Creek."

It may be observed that it does not appear that the accident occurred between the points named by the witness.

We think the court erred in the admission of this evidence. The character, kind, or condition of poles other than those which fell, were matters in themselves wholly immaterial to the question in controversy. Nor could it be inferred, from the fact alone that other poles were rotten and unsafe, that the poles which fell were rotten and unsafe. The proof of the one proposition did not even tend to prove the other. If in connection with this evidence there had been an offer to show that the poles alluded to by the witness and those which fell were all of one kind, and put up at the same time, and equally exposed to the elements, the evidence might have been competent, inasmuch as it might be inferred that like causes would equally affect like matters. But no such connecting evidence was offered.

There are some other questions in the cause, but they need not be considered as they may not again arise upon another trial. The judgment will have to be reversed for the reason above stated.

The appellee makes the point that the admission of the improper evidence is not assigned for error. It should not be. It was made one of the grounds of the motion for a new trial, and error is assigned upon the overruling of that motion. This is the only proper mode of presenting the question.

The judgment below is reversed, with costs, and the cause remanded for a new trial.