## SPRINGER v. BRICKER.

[No. 20,590.    Filed November 28, 1905.]

1. REMOVAL OF CAUSES.—*Diverse Citizenship.—Amount Involved.
—How Determined.*—A complaint alleging that plaintiff was damaged in the sum of $5,000 but demanding less than $2,000 is not removable to the federal court on account of diverse citizenship, and the court in determining the amount in controversy will consider not only the petition for removal, but also the complaint. p. 534.

2. APPEAL AND ERROR.—*Briefs.—Supreme Court Rules.*—Where appellant fails to set out in his brief the paragraphs of a complaint questioned or a substantial recital thereof, no question is presented, a mere statement that a certain fact was not alleged being insufficient. p. 535.

3. SAME. — *Briefs. — Supreme Court Rules.* — Error predicated upon instructions not set out in full or in substance in appellant's brief, is waived. p. 535.

4. TRIAL.—*Instructions.—How Considered.*—Where the instructions considered as a whole fairly present the case to the jury there is no reversible error, though some of the instructions considered alone may not be technically accurate. p. 536.

5. SAME.—*Instructions.—Refusal to Give When Already Substantially Given.*—The refusal to give an instruction when the substance thereof has already been given is not error. p. 536.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by Frank Bricker against Warren Springer. From a judgment on a verdict for plaintiff for $1,250, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Foltz & Spitler,* for appellant.
*Jesse E. Wilson,* for appellee.

JORDAN, J.—Appellant is a resident of the city of Chicago, Cook county, Illinois, and appellee is a resident of Jasper county, Indiana. On February 4, 1903, the latter instituted this action by a complaint of two paragraphs, filed in the Jasper Circuit Court. Subsequently the case was venued to

the Newton Circuit Court, where it was tried by a jury. Appellant is the owner and operator of a large ranch or farm situated in Jasper county, Indiana, and on and prior to the 30th day of November, 1902, appellee was in appellant's employ, serving him in the performance of general work on said farm. On the aforesaid date, while appellee was engaged at work for appellant about a corn-shredder which was then and there operated by the latter on his said farm, the paddle and fans of said shredder were broken into pieces, and by reason of said accident all the fingers of appellee's right hand were mutilated and severed therefrom, and his said hand was thereby rendered useless. The accident in question which caused said injuries is imputed or attributed to the negligence of appellant in maintaining and operating said corn-shredder. On the trial the jury found in favor of appellee and returned a verdict awarding him damages for the injuries sustained. Along with the general verdict answers to a series of interrogatories were also returned. Appellant moved for a new trial for certain reasons assigned; this motion was denied, and judgment was pronounced on the general verdict of the jury.

By the errors assigned appellant seeks to have reviewed the several rulings of the court, to wit: (1) Denying a petition to remove the cause from the state to the federal court; (2) overruling the demurrer to each paragraph of the complaint; (3) overruling his motion for a new trial.

Counsel for appellee has moved to dismiss this appeal for reasons enumerated in the motion, wherein, among other grounds, is assigned the noncompliance by appellant with the rules of this court in the preparation of his brief. Several infirmities in the record are also stated and urged for dismissal. We conclude, however, that there is not sufficient merit in the motion to dismiss to justify the sustaining thereof. The motion is therefore overruled.

Appellant's first contention is that the court erred in deny-

ing his petition to remove the cause to the federal court on
account of the diversity of citizenship of the parties.

1.    The petition to remove alleges that appellee, plaintiff
below, demands judgment for $5,000. Where an ac-
tion like the one at bar, instituted in a state court, is between
citizens of different states, and the amount in controversy is
in excess of $2,000, exclusive of interest and cost, the removal
thereof to the proper federal court, upon a petition and bond
being filed, is authorized and enforced by a federal statute.
It is true in this case that each of appellee's paragraphs of
complaint alleges that by reason of the loss of his right hand
he is damaged in the sum of $5,000, but in each of the para-
graphs, however, he demands judgment for damages in a
sum less than $2,000. In fact there is nothing in the record
as certified up, aside from the petition to remove, to show
that the demand for damages under the complaint, either at
the time of the filing thereof, or subsequent thereto, was for
an amount in excess of $2,000. The trial court, in passing
upon the petition to remove to the United States court, was
required to look not only to the averments thereof to ascer-
tain the amount actually in controversy, but was also re-
quired to look to the complaint in order to determine the
amount. As a general rule, in the absence of any provision
of law to control, the amount in controversy is deemed and
held to be the amount demanded by the plaintiff in his com-
plaint. Especially is this true in actions for unliquidated
damages. 1 Desty, Fed. Proc., §96; Moon, Removal of
Causes, §84; *Lake Erie, etc., R. Co.* v. *Juday* (1898), 19
Ind. App. 436; *Western Union Tel. Co.* v. *Levi* (1874), 47
Ind. 552; 18 Ency. Pl. and Pr., 269. Although appellee
may have been damaged in the sum of $5,000, as stated in
the complaint, nevertheless that was not the amount for
which he demanded a recovery. He appears to have been
satisfied expressly to limit the amount which he thought
he ought to recover and for which he demanded judgment
to a sum under $2,000. The identical question as here pre-

sented was decided adversely, and properly so, to appellant's contention in *Lake Erie, etc., R. Co.* v. *Juday, supra.* As the amount in controversy, as shown by the demand of the complaint, does not exceed $2,000, the court's denial of appellant's petition to remove was a correct ruling.

Appellant next insists that each paragraph of the complaint is insufficient, and that therefore the court erred in overruling his demurrer. He has, however, neglected to set out in his brief either of the paragraphs in question, or to give a substantial statement of the facts therein alleged, as exacted by clause five of rule twenty-two of this court. Therefore, it must be held that he has waived the assignment of error in regard to their insufficiency on demurrer. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, and cases cited; *Citizens Nat. Bank* v. *Alexander* (1905), 34 Ind. App. 596. Merely to state that a pleading fails to allege this or that fact can not be regarded as a "concise statement of so much of the record as fully presents the error and the exception relied on, as required by said rule." *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368.

Appellant complains of the ruling of the trial court in giving and refusing to give certain instructions. Some of the instructions in controversy are set forth in his brief; others are not; but in lieu thereof we are merely referred to that part of the record where they may be found. Therefore the error, if any, which is predicated on instructions not set out in appellant's brief as required by rule twenty-two must, under decisions of this court, be considered as waived. *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, and cases cited. We have, however, read and considered all of the instructions given, as well as those refused, and, without referring to them in detail, we are of the opinion that the giving or refusing to give the instructions in controversy does not, under the circumstances, constitute reversible error.

The court, at the request of appellant, gave a series of instructions to the jury, some of which may be said to have been more favorable to him than he had a right to demand. The court's charge to the jury, when considered in its entirety, and not by detachments, satisfies us that the jury was properly advised in regard to the law governing the cause. While possibly it may be said that the court in charging the jury unnecessarily dealt with abstract propositions of law, and that some of the charges given standing alone are not strictly accurate, yet, when the charge as a whole is taken into consideration, we fail to discover wherein appellant was by the inaccuracy in question harmed or prejudiced in any of his substantial rights. In construing the instructions as a whole it is apparent that the jury must have certainly understood what, in the eye of the law, under the facts, were the rights of the respective parties. The rule is well settled by the decisions of this court that if, upon consideration of all the instructions in the case, it fairly appears that the law was stated to the jurors with substantial accuracy, so that they could not have been misled, no reason under the circumstances is afforded for reversal, although some particular instruction or detached portion thereof can not be said to be precisely correct. *Shields* v. *State* (1897), 149 Ind. 395, and cases cited.

Some of the instructions in question were apparently refused because they were not an accurate exposition of the law, and others for the reason that they were covered by those given.

In regard to instruction number eight, refused over appellant's request, it may be said that it in effect is embraced in those given by the court, and for that reason, if for no other, it was properly refused.

We have read and considered the evidence in this cause, and are satisfied that it fully sustains the judgment on all material points. Finding no available error, the judgment is affirmed.