## Town of Jasonville *v.* Humphreys.

[No. 21,044. Filed April 9, 1908. Rehearing denied June 12, 1908.]

Appeal.—*Briefs.*—*Waiver.*—A failure by appellant to set out in his brief the words or substance of the questioned complaint waives any question thereon.

From Greene Circuit Court, *Charles E. Henderson,* Judge.

Action by the Town of Jasonville against John Humphreys. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Edward W. Bennett, George W. Buff* and *W. P. Stratton,* for appellant.

*John A. Riddle,* for appellee.

Jordan, J.—Appellant states in its brief that this is an

action by the town of Jasonville, Greene county, Indiana, "to recover a penalty for the violation of an ordinance of said town requiring persons selling spirituous, vinous, malt or other intoxicating liquors within the limits of the town to pay a license fee to the town of $150." It is further stated that appellee demurred to the amended complaint for insufficiency of facts. This demurrer the court sustained, and, appellant refusing further to plead, judgment was rendered in favor of appellee. The error assigned is based upon the ruling of the court in sustaining the demurrer to the amended complaint.

The validity of said ordinance being called in question, jurisdiction over this appeal is lodged in the Supreme Court. Appellant has wholly failed to comply with rule twenty-two of this court, for the reason that it has neither set out in its brief the amended complaint, to which the demurrer was sustained, nor has it made a substantial or condensed statement of the complaint. The only effort which its counsel have made to comply with the rule is the following short statement in its brief: "For amended complaint see T. P. 3, L. 27 to L. 17, p. 5." This is not a compliance with the requirements of subdivision five of rule twenty-two, which expressly requires an appellant to give in his brief "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript." On account of appellant's neglect to comply with the rule in question, we must hold that the assignment that the court erred in sustaining the demurrer to the amended complaint has been waived. *Tuthill Spring Co.* v. *Holliday* (1904), 164 Ind. 13, and cases cited; *Schreiber* v. ·*Worm* (1904), 164 Ind. 7; *Tongret* v. *Carlin* (1905), 165 Ind. 489; *Springer* v. *Bricker* (1905), 165 Ind. 532, and cases there cited; *American Food Co.* v. *Halstead* (1905), 165 Ind. 633.

Therefore, no question being presented upon the part of appellant, the judgment is affirmed.