## THE STATE OF INDIANA, EX REL. BARNES ET AL. *v.* KESLING ET AL.

[No. 21,905. Filed June 22, 1911.]

1. APPEAL.—*Briefs.*—*Failure to Set Out Questioned Pleading.*— A failure by appellants to set out in their brief the questioned complaint waives any question thereon. p. 161.

2. APPEAL.—*Briefs.*—*Dismissal.*—Where appellant's brief presents no question the appeal will be dismissed. p. 162.

From Saint Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by The State of Indiana, on the relation of Nellie Barnes and others, against George A. Kesling and others. From a judgment for defendants, plaintiff appeals. *Appeal dismissed.*

*Joseph G. Orr,* for appellant.

*B. F. Shively, A. C. Graham* and *H. A. Steis,* for appellees.

JORDAN, C. J.—Action in the lower court by appellant to recover upon a bond executed by appellees. The latter demurred to the complaint. Their demurrer was sustained. Appellant elected to abide by its complaint, and judgment was rendered that it take nothing by the action and that appellees recover costs. From this judgment appellant prosecutes an appeal, and assigns that the court erred in sustaining the demurrer to the complaint. This is the only error assigned.

It is urged by counsel for appellees that a consideration of this error has been waived, because neither a copy of the complaint nor the substance of that pleading is set out in appellant's brief as required by rule twenty-two of this court. An examination of the brief verifies this contention, and for this failure appellant must be deemed to have waived any consideration in respect to the

sufficiency of the complaint upon demurrer. This point is well settled by repeated decisions of this court. *McElwaine-Richards Co.* v. *Wall* (1902), 159 Ind. 557; *Springer* v. *Bricker* (1905), 165 Ind. 532; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435.

In the case last cited this court said: "If this rule is wholly disregarded in an appeal, the result is a dismissal, the same as if no brief had been filed within sixty 2. days after submission, as required by rule twenty-one."

Appellant having wholly disregarded the requirement of rule twenty-two, the appeal, as held in the case last cited, must be, and is, therefore, dismissed.