## BUCHER v. CAMERON, TREASURER.

[No. 7,084.  Filed October 13, 1911.  Rehearing denied March 7, 1912.]

APPEAL.—*Briefs.*—*Failure to set out Questioned Answer.*—Where the overruling of a demurrer to a paragraph of answer is the only error assigned, appellant's failure in her brief to set out in words or substance such answer waives any question thereon.

From Huntington Circuit Court; *Levi Mock,* Special Judge.

Suit by Eliza J. Bucher against Newton Cameron, as treasurer of Huntington County. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*R. A. Kaufman,* for appellant.

*C. W. Watkins, Fred H. Bowers, Milo N. Feightner,* for appellee.

LAIRY, C. J.—This suit was brought by appellant to enjoin the collection of certain taxes assessed against her, on

the ground that the property on which said taxes were assessed was not subject to taxation. The complaint was held good on demurrer, and appellee then filed an affirmative answer, to which appellant filed a demurrer, on the ground that said answer did not state facts sufficient to constitute a cause of defense. The demurrer was overruled and exceptions taken. Appellant declined to plead further, and the court rendered judgment in favor of appellee.

The only error assigned upon appeal is the action of the court in overruling the demurrer to this paragraph of answer. Appellee insists that this court cannot consider the error thus assigned, for the reason that appellant's brief fails to present said error in accordance with the requirements of rule twenty-two of this court, and also to set out the paragraphs of answer to which this demurrer was addressed, or to state its substantial averments.

It has uniformly been held that said rule requires that the brief be so prepared that all questions presented by the assignment of errors can be determined from an examination of the briefs without looking to the record. *Chicago Terminal, etc., Co.* v. *Walton* (1905), 165 Ind. 253; *Wolverton* v. *Wolverton* (1904), 163 Ind. 26; *Lake Erie, etc., R. Co.* v. *Shelley* (1904), 163 Ind. 36. As the paragraph of answer to which the demurrer was addressed is not set out in the brief, and as its substantial averments are not stated therein, it is impossible for the court to determine from the brief, without reference to the record, whether said answer contains facts sufficient to constitute a cause of defense. *Tuthill Spring Co.* v. *Holliday* (1904), 164 Ind. 13; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435.

Judgment affirmed.