CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* ALEXANDRIA PAPER COMPANY.

[No. 9,945.  Filed October 7, 1919.]

1. CARRIERS.—*Carriage of Freight.—Schedule of Rates.—Notice.—Statute.—*A schedule of freight rates filed with the Public Service Commission, as required by §5540 Burns 1914, Acts 1911 p. 545, is binding both on the carrier and the shipper, and both are chargeable with notice thereof. p. 121.

2. CARRIERS.—*Carriage of Freight.—Mistake in Rates.—Action for Balance.—Statute.—*In view of §5540 *et seq.* Burns 1914, Acts 1911 p. 545, providing for uniform freight rates and requiring a schedule thereof to be filed with the Public Service Commission, where the rate for transporting coal, as filed with the commission, was sixty-five cents per ton, but the carrier's agent through mistake collected only sixty cents, it was not only the carrier's right, but also its duty to collect the difference between the amount charged by the agent and the rate filed: p. 121.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Action by the Cleveland, Cincinnati, Chicago and St. Louis Railway Company against the Alexandria Paper Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Frank L. Littleton, Charles P. Stewart, John W. Lovett* and *Arthur A. Beckman,* for appellant.

*Born, Ritchey & Cronk,* for appellees.

NICHOLS, P. J.—This cause was tried in the Madison Circuit Court, without a jury, upon appellant's amended complaint, to which appellee had answered in three paragraphs; the third paragraph was set-off, and is not involved in this appeal. There was a general finding and judgment for the appellee, from which, after a motion for a new trial was overruled, this appeal was taken.

It appears by the complaint that the appellant was a common carrier of freight, and the appellee was an Indiana corporation, engaged in the manufacture of paper at Alexandria, Indiana. In November and December, 1910, it had shipped to it on the Evansville and Terre Haute Railroad, via appellant's railroad, sixty-three cars, containing 2,851.8 tons of coal, freight charges following, which coal was transported and delivered by said companies to, and received and accepted by, appellee at Alexandria. Said carriers had on file with the Public Service Commission of Indiana, and in force and effect at that time, a tariff prescribing a charge for transporting this coal of sixty-five cents  per ton. Through mistake, appellant's agent collected from appellee but sixty cents per ton. Thereafter appellant demanded of appellee $142.56, representing five cents per ton additional, making its full published schedule rate, which appellee refused to pay.

In its motion for a new trial, the overruling of which was the only error assigned, the appellant complains that the decision of the court is not sustained by sufficient evidence, and that it is contrary to law.

Appellee contends that there was no evidence of any tariff being in force prescribing a charge for

transporting coal from the mines to Alexandria of sixty-five cents per ton, but we have no difficulty at all in determining from appellant's brief, as supplemented by appellee's brief, that the tariff rate as filed with the Public Service Commission was sixty-five cents per ton. Section 5540 Burns 1914, Acts 1911 p. 545, and following sections provide for uniform freight rates, and for filing a schedule thereof with the commission, and make it unlawful for any carrier to charge, demand, or collect, directly or indirectly, any other rate than the rate named and fixed in the schedule required to be filed and adopted by the commission. Such schedule is binding alike on the carrier and the one for whom the transportation is performed, and both are chargeable with notice thereof. The rate charged must be in harmony with the schedule, and it cannot be varied by contract, or by mistake, for such rate, until changed by the commission, is a part of the law. *Baltimore, etc., R. Co.* v. *New Albany Box, etc., Co.* (1911), 48 Ind. App. 647, 94 N. E. 906, 96 N. E. 28. Having by mistake collected but sixty cents per ton for the coal involved, it was not only the right of the appellant to collect the additional five cents per ton, but it was the appellant's duty to collect it, and appellee must pay the schedule rate.

The judgment is reversed, with instructions to the trial court to grant a new trial.