## HAWKINS *v.* FIRST NATIONAL BANK OF MARION ET AL.

[No. 11,791.    Filed May 13, 1924.]

1. **APPEAL.**—*Review.*—*Sufficiency of Pleading.*—*Failure to Set Out in Brief.*—Where appellant failed to set out in his brief the cross-complaint to which he filed a paragraph of answer, no question as to the sufficiency of such paragraph of answer is presented, and the court cannot determine whether the trial court erred in sustaining a demurrer thereto. p. 479.

2. **CONTRACTS.**—*Invalidity.*—*Fraudulent Representation as to Contents.*—*Failure to Read.*—An answer to a cross-complaint averring the defendant thereto did not read the contract sued on in the cross-complaint before signing it, that he relied on the cross-complainant's representations as to its contents, which were false, without averring that he could not read, nor that he was prevented from reading it, nor that there was any relation of trust or confidence between him and cross-complainant, or any excuse whatever for such reliance, is insufficient, as the courts will not relieve a party from a contract under such circumstances in the absence of a reason for his neglect. p. 480.

3. APPEAL.—*Review.*—*Demurrer Sustained to Paragraph of Answer.*—*Evidence Admissible Under Another Paragraph.*—*Harmless Error.*—Error in sustaining a demurrer to a paragraph of answer is harmless, where the same evidence was admissible under another paragraph.   p. 481.

From Grant Superior Court; *Robert F. Murray,* Judge.

Action by the First National Bank of Marion against William L. Hawkins and one Winters who filed a cross-complaint against defendant Hawkins.   The plaintiff recovered a judgment against both defendants, and defendant Winters recovered judgment against defendant Hawkins, and the latter appeals.   *Affirmed.*

*Hays & Hays,* for appellant.

*Wilson D. Lett, Julian T. Lett, Gus S. Condo* and *Robert R. Batton,* for appellee.

NICHOLS, J.—This action was begun by appellee the First National Bank of Marion, Indiana, in the Grant Circuit Court, against the appellant, as maker, and appellee Winters, as endorser, of a promissory note of $650.

A trial in the Grant Circuit Court resulted in a verdict and judgment in favor of appellee bank, against both appellant and appellee Winters.   Afterwards, a motion for a new trial by appellee Winters was sustained.   Thereafter, on motion of appellant, the cause was venued to the superior court of Grant County where issues were formed and the cause tried as between the appellant and appellee Winters, appellee bank having received payment in full of its judgment.

It appears from appellant's brief that appellee Winters, mentioned hereafter as appellee, filed a cross-complaint, but the same or the substance thereof is not set out in the briefs.   To this cross-complaint, five paragraphs of answer were filed by appellant, of which only the fifth is set out in appellant's

brief.   To this paragraph, the court sustained a demurrer, and this ruling of the court is assigned as error. Appellant having failed to set out the cross-complaint to which his fifth paragraph of answer is addressed, we cannot say that such answer is a good defense thereto and that the court erred in sustaining a demurrer to the answer.   Having so failed, appellant presents no question as to his fifth paragraph of answer.   *Springer* v. *Bricker* (1905), 165 Ind. 532, 76 N. E. 114; *Town of Jasonville* v. *Humphreys* (1908), 170 Ind. 583, 84 N. E. 340; *Pry* v. *Ramage* (1911), 176 Ind. 446, 96 N. E. 385; *Korporal* v. *Ramage* (1911), 176 Ind. 484, 96 N. E. 385; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 69 N. E. 546; *Pittsburgh, etc., R. Co.* v. *Brown* (1912), 178 Ind. 11, 97 N. E. 145, 98 N. E. 625; *Mercer* v. *State* (1913), 179 Ind. 426, 101 N. E. 484; *Bucher* v. *Cameron* (1911), 49 Ind. App. 600, 96 N. E. 28; *Laatsch* v. *Andree* (1912), 51 Ind. App. 242, 99 N. E. 451; *Western Ins. Co.* v. *Ashby* (1913), 53 Ind. App. 518, 102 N. E. 45.

But, on its face, and independent of the cross-complaint, the answer is bad.   It is averred therein that appellant did not read the contract involved and

2.   which he signed, but that he relied upon appellee as to its contents, and that he believed from such representation that it contained certain stipulations upon which the answer is based which are not found therein.   It is not averred that he could not read nor that he was prevented from so doing, nor that there was any relation of trust or confidence between him and appellee that induced him to fail to read the instrument. No excuse whatever is given for such reliance.   In the absence of some reason for his neglect, the courts will not relieve him from the contract which he has executed.   *Clodfelter* v. *Hulett* (1880), 72 Ind. 137; *American Ins. Co.* v. *McWhorter* (1881), 78 Ind. 136; *Robin-*

*son* v. *Glass* (1884), 94 Ind. 211, 4 L. R. A. 483; *Wood* v. *Wack* (1903), 31 Ind. App. 252, 67 N. E. 562.

There is some contention as to whether the fifth paragraph of answer is on the theory of fraud or want of consideration.  If the answer were good as an answer of fraud, its averments were provable under the third paragraph of answer, and if on the theory of want of consideration, its averments were provable under the averments of the fourth paragraph of answer.  Upon either theory, therefore, even if there were error in sustaining the demurrer to the fifth paragraph of answer, it was harmless.  No other question is presented.

Judgment affirmed.