## Hammond Hotel and Improvement Company
### *v.* Perrin.

[No. 14,356.   Filed March 31, 1933.]

*William J. Whinery,* for appellant.

*Frederick C. Crumpacker, Edwin H. Frederick, Bernard A. Petrie,* and *Jay E. Darlington,* for appellee.

SMITH, J.—This action grows out of a controversy concerning a lease from appellant to appellee upon the basement of a certain building in the city of Hammond, Indiana.

The complaint is in one paragraph and seeks to recover rent claimed to be due appellant from appellee. Later, a supplemental complaint was filed to recover rent which accrued since filing the original complaint. Answer was filed by appellee in two paragraphs; one, a general denial; the other, an amended third paragraph of answer, alleging mutual mistake in the execution of the lease.

Appellee also filed a cross-complaint in two paragraphs which was later amended and denominated an amended first paragraph of cross-complaint and a second paragraph of cross-complaint, both of which seek a reformation of the lease. It was charged by appellee in his first paragraph of cross-complaint that by mutual mistake the clause, "Or the date when the said lessee obtains possession of the premises" was omitted from the lease. In the second paragraph of cross-complaint, the appellee charges in effect that this clause was omitted from the written lease by the mistake of the appellee and on account of the unconscionable and fraudulent conduct of the appellant. The Court found the facts specially. The conclusions of law thereon were stated against appellant, and judgment rendered accordingly.

It is upon these two paragraphs of cross-complaint that appellee seeks a reformation of the lease, by having incorporated therein the phrase above quoted.

The only error assigned and presented raises the question of the error of the trial court in stating its three conclusions of law. The exceptions to these conclusions of law, being three in number, are presented together by the parties and will be so treated by the Court in this opinion.

From the special finding of facts, it appear that ap-

pellant was the owner of a building in the city of Hammond and leased the basement thereof to appellee for the purpose of operating and maintaining a billiard parlor, bowling alley, cigar stand, and the serving of light lunches. On March 19, 1923, prior to entering into the lease, the parties, by their agents, entered into a written agreement which provided, among other things, for the amount of rent and the term of the lease. One of the provisions in the preliminary contract was this clause, *"Aggregating in all a tenancy of 15 years from September 1, 1923, or the date when the said lessee obtains possession of the premises."* (Our italics used throughout this opinion.) The portion of this written agreement which is in italics raises the whole controversy in this case.

Afterwards, on the 30th of March, 1923, the parties hereto entered into a written lease for the premises, from which there was omitted the clause contained in the preliminary contract, *"Or the date when the said lessee obtains possession of the premises,"* as the time fixed for the beginning of the tenancy. The lease, as written, provided that the tenancy should be for fifteen years from September 1, 1923.

The original agreement provided that a written lease covering "the foregoing terms," and the usual and general provisions of a lease, should be entered into and signed by the parties.

W. J. Whinery, who acted as attorney for the appellant, was secretary of the appellant corporation and prepared the preliminary agreement and lease.

The preliminary agreement, as well as the lease, provided that appellee was to pay rent monthly in advance at the rate of $400.00 per month for the first two years, $500.00 per month for the next four years, $600.00 per month for the next four years, and $700.00 per month for the remaining five years of said tenancy. In the pre-

liminary contract, after this statement of the amount of rent, follows the statement, "Aggregating in all a tenancy of fifteen years from September 1, A. D. 1923." Then follows the statement, *"Or the date when the said lessee obtains possession of the premises."* In the lease which was later executed, following the statement of the amounts of rent to be paid, is this clause, "Aggregating in all a tenancy of fifteen years from September 1, 1923," and there is omitted from the lease the clause, *"Or the date when the said lessee obtains possession of the premises."* When the preliminary contract and lease were executed, the premises to be occupied were not completed, the building being under process of construction. There was a supplemental agreement executed before the building was completed in which appellee was to pay $2,000.00 toward some additional improvements at the rate of $100.00 per month, which has nothing to do with the questions under consideration in this case.

The court specially found in its finding of facts, that the preliminary agreement, dated March 19, 1923, and prepared by William J. Whinery "expresses and is, the true agreement of the plaintiff and defendant herein in so far as the beginning and duration of the term and tenancy between plaintiff and defendant and the rent payable by defendant incident to said tenancy are concerned. That it was the intention and agreement of the parties . . . that the terms and provisions of the preliminary agreement with reference to the beginning and duration of the term of the tenancy and the rent payable by defendant" were to be incorporated in the written lease thereafter executed.

The court further found that when Mr. Whinery prepared the lease he did not incorporate the provision contained in the preliminary agreement, namely, *"Or the date when the said lessee obtains possession of the premises,"* but that said Whinery inserted in said lease other

provisions which he "mistakenly believed to be the equivalent of and a correct expression of his own interpretation and construction with reference to the beginning and duration of the term of tenancy." The court further found that the provisions inserted in the written lease by said Whinery with reference to the beginning and duration of the term, which were put in said lease in lieu of the provision contained in the preliminary agreement, "do not express the true intention and agreement of the parties herein." The court further found that neither the appellee nor his attorney knew when the lease of March 30, 1923, was executed, that the provision regarding the beginning of the term of the tenancy as contained in said preliminary agreement had not been incorporated in the lease, and appellee did not learn that said written lease omitted said clause until on or about December 29, 1925, after he had been in possession of the premises over a year.

The special finding of facts show that appellee took possession of the premises as soon as they were completed, on or about October 1, 1924, and began paying rent from that date; that the rental fixed was at the rate of $400.00 per month for first two years. Appellant contends that under the terms of the written lease, the tenancy began September 1, 1923, and that the first two years of the tenancy began at that date, instead of the time, October 1, 1924, when appellee obtained possession; and for this first two-year period should pay rent at the rate of $400.00 per month from October 1, 1924, to September 1, 1925, when the first two years of the tenancy expired; and that thereafter rental for the next four years was $500.00 per month. The appellee contends that the lease should be reformed so that it would contain the statement that the tenancy should begin on September 1, 1923, *"Or the date when said lessee obtains possession of the premises,"* and that appellee did not

obtain possession until October 1, 1924; that his rental should be $400.00 a month for the first two years or until October 1, 1926. Appellant seeks by this action to recover the higher rate of rent beginning September 1, 1925. This calls into question whether the tenancy began on September 1, 1923, or upon the date that appellee actually took possession of the premises, October 1, 1924.

The special finding of facts show that it was the clear understanding that the lease should contain the clause that it should extend for 15 years from September 1, 1923, *"Or the date when the said lessee obtains possession of the premises."*

We think the findings further show that this provision was omitted from the original lease by mutual mistake of the parties. If it were not omitted by the *mutual mistake* of the parties, then it was omitted intentionally by appellant. The court further found that although appellee had access to the lease before he signed it, still he did not know that the provision in controversy had been omitted from the lease until some time after he was in possession, on December 29, 1925, when he received a letter from appellant written by Mr. Whinery stating, in part, "I find that you and also, *ourselves,* overlooked the fact that your rental as provided in the lease, made an increase per month beginning September 1, 1925." Appellant contends that the special findings do not show a mutual mistake but a mistake of appellee, or a mistake as to the legal effect of the lease, for which there is no remedy.

We think appellant is in error in this contention. We believe, as we have already indicated, that if the special finding of facts do not show that there was a mutual mistake, then, they do show that there was a mistake on the part of appellee, and either fraud or inequitable conduct on the part of appellant. We do not see how it can be said that there was a mis-

take as to the legal effect of the lease which amounts to a mistake of law, for appellant, whose agent, officer and attorney was the scrivener of the lease, omitted entirely, in writing the lease, the clause from the original agreement to the effect that if the premises were not ready to occupy on September 1, 1923, the tenancy should begin on the date appellee obtained possession thereof. Even if it were not a mutual mistake of fact in omitting the clause above mentioned, but, if said clause were omitted because of inadvertance or mistake as to its legal effect, appellee would be entitled to the reformation of the lease. As this court said in a recent case, "As we see this case, it is one where the scrivener, through mistake or inadvertence, failed to reduce the actual agreement of the parties to writing. In such cases, 'equity will interfere with the appropriate relief, either by way of defense to its enforcement, or by cancellation, or by reformation, to the same extent as if the failure of the writing to express the real contract was caused by mistake of fact.' " *Hay, Admr., v. Billeter* (1925), 83 Ind. App. 244, 248, 148 N. E. 159, 160.

To sustain its position, appellant cites the case of *Hawkins* v. *First National Bank* (1924), 81 Ind. App. 478, 143 N. E. 709, a suit on a note in which appellee filed a cross-complaint which was not set out in the opinion nor, as the court said, in the briefs. There were five paragraphs of answer filed, and the court did not consider the question on the ruling on a demurrer to one of the paragraphs of answer to the cross-complaint because the cross-complaint was not set out. The proposition quoted from the Hawkins case in appellant's brief, in its argument, is not pertinent to the case at bar, as there was no effort to seek a reformation of a contract, but the defendant sought to avoid his liability on a promissory note. It is evident that the Hawkins case, *supra,* is not applicable to the instant case.

The language used by this court in a recent case is pertinent to the facts in this case. "The undisputed evidence brings this case within the doctrine that where one party to a contract undertakes to draw up a contract in accordance with a previous understanding, but drafts the contract contrary to that understanding, and permits the other party to sign without informing him that the contract is not in conformity with the previous understanding, such conduct on the part of the party preparing the contract is fraudulent." *McNair* v. *Public Savings Insurance Company, etc.* (1928), 88 Ind. App. 386, 394, 163 N. E. 290, 293.

The only inference that can be drawn in the case at bar is that the failure to insert the provision referred to in the lease was omitted either by mutual mistake, or by fraud on the part of the appellant. In either instance, equity will grant relief. "Equity will reform a written instrument where there is a mutual mistake, or a mistake on one side and fraud or inequitable conduct on the other." *McNair* v. *Public Savings Company, etc.*, p. 393, *supra,* and cases therein cited. The McNair case, *supra,* cites, among other cases, one from our Supreme Court, *Koons, Guardian,* v. *Blanton* (1892), 129 Ind. 383, 387, 27 N. E. 334, and quotes therefrom as follows: "It is not alone in cases of mutual mistake that a court of equity will reform a written instrument. That relief will be granted where by the fraud of one of the parties to the instrument the language inserted in it is materially different from that agreed upon."

Appellant challenges the conclusions of law only, and concedes thereby that the special findings correctly state the facts. If it could be said that the special finding of facts do not show a mutual mistake, surely they do show that appellant prepared the original agreement which contained the clause to the effect that

the tenancy should not begin until the lessee obtained possession of the premises and that it was agreed that this provision should be inserted in the lease. · This agreement was not modified except by the lease, which was supposed to incorporate the provisions of this original agreement and was prepared by appellant, which failed to incorporate this provision therein.

The court further found that appellee did not learn that this clause had been omitted from the lease until long after he took possession; that appellant had agreed to incorporate this in the lease, and through its agent, officer and attorney, drew the lease; and failed to incorporate this provision but, instead, inserted something else, and failed to advise appellee that it had omitted this clause. Such conduct was either fraudulent or inequitable on the part of appellant, and under the law would entitle appellee to a reformation of the lease.

We have examined the authorities cited by appellant and find that they do not support appellant's contention herein.

Appellant raises the question that appellee was guilty of negligence in not ascertaining that this clause was omitted from the lease; and hence, could not be heard to raise the question now. It would be a peculiar situation, indeed, to hold that where the law imposed the duty upon appellant, as it does, to disclose to the appellee that it had omitted from the written lease an important clause, which it had agreed to insert therein, to say in effect—We have failed to incorporate this in the lease, notwithstanding the fact that we agreed to insert it; but it is for you to discover the omission and, if you fail to discover it, you are negligent and will have to abide by the contract as written by us.

One cannot deceive another as to matters which he is bound to disclose, and then deny him relief by saying

that he was negligent in not finding out that he was being deceived. *McNair* v. *Public Savings Insurance Company, etc., supra.*

The lower court committed no reversible error in stating the conclusions of law upon the facts as found.

Judgment affirmed.