PIKE *v.* PATTEE ET AL.

[No. 15,127.  Filed June 6, 1936.  Rehearing denied December 17, 1936.]

*H. A. Bayor* and *Moore, Long & Johnson,* for appellant.

*F. E. Demmon* and *Wildermuth & Force,* for appellees.

DUDINE, J.—The court having considered appellant's petition for rehearing herein and the briefs filed thereon now grants a rehearing of this cause and now renders the following opinion in lieu of the opinion heretofore rendered herein on the 7th day of May, 1936.

The facts of this case, as specially found by the court, are substantially as follows:

On May 31, 1930, appellee Oliver L. Pattee, owner of a newspaper called the Hobart News, sold the newspaper, including the equipment, supplies and good will,

to appellee Merchants' Publishing Co., Inc., a corporation which owned and published another newspaper called the Hobart Gazette. The purchase price of the Hobart News was $20,000.00. The purchaser paid $7,500.00 in cash and gave notes covering the balance of the purchase price and executed a mortgage on the property purchased to secure the payment of the notes. The notes and mortgage were made payable to appellee First State Bank of Hobart as trustee for Oliver L. Pattee.

The two papers were immediately consolidated, the subscription lists were combined and subscribers to the Hobart News were thereafter furnished with copies of the Hobart Gazette.

About two months after the consolidation, officers of the publishing company asked Pattee to consent to the release of two linotype machines from said mortgage so that the machines could be traded in for a certain "Intertype" setting machine and Pattee agreed to release said linotype machines by releasing said entire mortgage upon the execution by said publishing company of a new mortgage which would cover the new "Intertype" setting machine and certain other machinery previously owned by the company. Pattee also specified that the terms and conditions of the new mortgage would have to meet with the approval of his, Pattee's attorney.

Pattee was at said time "interested in maintaining adequate security for the debt and left the details to that end to his attorney." "A day or two prior to August 19th, 1930, (Pattee) instructed his attorney to prepare the necessary papers to carry out and effectuate the transaction agreed upon." His attorney at the time knew "that the title, good will and subscription list of the Hobart News had been merged and consolidated with that of the Hobart Gazette, and that it would not

exist as a separate entity and believed that, for the protection of Pattee, and to retain for him the security of the first mortgage on the good will of the Hobart News, it was necessary to have the mortgage cover the good will of the Hobart Gazette and Hobart News, and so prepared the mortgage in the form set out in finding No. 9 'which covered among other things' subscription lists, 'as is,' good will, newspaper headings, sub-headings and title to both the Hobart News and the Hobart Gazette."

On the morning of August 19th, 1930, appellant Edward S. Pike, then president of the publishing company, appellee James E. Schofield, then Secretary-Treasurer of the company, and Pattee met at the office of Pattee's attorney, and copies of the new mortgage were handed to each of them and they "had the opportunity and time to read said mortgage and . . . (Pattee) . . . did nothing to cause them to forego the reading thereof." The attorney did not "specifically or directly call the attention of . . . (any of the parties) to the wording of the new mortgage in that regard."

The mortgage was then and there executed by Pike and Schofield in behalf of the Publishing Company in their respective capacities, as President and Secretary-Treasurer. The mortgage was duly recorded on August 31, 1930. Appellant Pike continued to be president of said company and the company continued the publication of the consolidated newspaper under the title head of "Hobart Gazette" until November 14, 1932, when the company sold the "good will of the Hobart Gazette, including its heading, subheading and subscription list" to appellant, Pike.

Neither Pike nor Schofield knew that the new mortgage covered the good will of the Hobart Gazette until "a few days" before this suit was instituted.

Appellant Edward S. Pike and appellee Merchants

Publishing Company, Incorporated, instituted this cause of action "to reform and correct said mortgage," and to enjoin Pattee from "obtaining possession of the subscription lists, the good will, the newspaper headings and subheadings, or the title to the Hobart Gazette and from using any one of the same . . ." The complaint alleged that Pattee's attorney "fraudulently" included the good will of the Hobart Gazette in the mortgage and that the publishing company executed the mortgage by mistake under the impression that the mortgage did not include the good will of the Hobart Gazette.

Appellees the First State Bank of Hobart, Trustee, and Oliver L. Pattee, filed an answer in general denial to the complaint, and filed a cross-complaint seeking a foreclosure of said mortgage. Appellees James E. Schofield, Julia K. Schofield and the O. K. Press, Inc., were named as party defendants to the cross-complaint upon the theory that they claimed some interest in the property covered by the mortgage. All defendants to the cross-complaint filed answers in general denial.

The cause was submitted to the court for trial without a jury. The court stated three "conclusions of law," and rendered judgment of foreclosure of said mortgage.

The facts found by the court are substantially as we have set them out, except that in addition to the facts we have stated, the court found facts as to the amount due Pattee on the notes.

"Conclusions of Law" numbered one and two are as follows:

"(1) That there was no false or fraudulent representation made to the plaintiff corporation to induce it to execute and deliver the note and mortgage described in the complaint and set out as an exhibit in defendants' cross-complaint herein.

"(2) That the words 'Hobart Gazette' in the mortgage set out as an exhibit to defendants' cross-complaint herein, were not inserted by or through the mistake of the parties to the mortgage."

Conclusion of law numbered three relates to the amount due on the notes, the validity of the mortgage, and priority of the mortgage lien over claims of the other parties.

The only errors assigned being errors in the conclusions of law, appellant cannot challenge the sufficiency of the evidence to sustain the finding of facts, but challenges only the sufficiency of the facts found to sustain the conclusions of law.

Appellant contends that the finding of facts clearly shows that the good will of the Hobart Gazette was included in said mortgage through the fraud of Pattee's attorney.

"In this state fraud is a question of fact, and when essential to a cause of action or a defense thereto must be found as a fact, and not left to be inferred as a matter of law." *Hawkins, Rec. et al.* v. *Fourth Nat'l Bank, etc. et al.* (1897), 150 Ind. 117, 49 N. E. 957; see also *Nat'l Bank, etc.* v. *Sandford Fork, etc., Co.* (1901), 157 Ind. 10, 60 N. E. 699; *Voris* v. *Star City Building, etc., Assn.* (1898), 20 Ind. App. 630, 50 N. E. 779. The court did not find *as a fact* that the mortgage was executed through fraud.

Appellant contends further, however, that, "The only possible inference to be drawn from the finding is: That the insertion of the provision covering the Hobart Gazette was by mistake or by fraud on the part of appellee, Pattee, or his attorney, and in either instance equity will grant relief." Citing *Hammond Hotel and Improvement Co.* v. *Perrin* (1933), 96 Ind. App. 311, 184 N. E. 906; *Bissell Chilled Plow Works* v. *South Bend Mfg. Co.* (1916), 64 Ind. App. 1, 111 N. E. 932; 23 R. C. L. 328 and other authorities.

Appellant's said contention is not tenable. We hold that the facts found by the court sustain each of the conclusions of law.

It might well be doubted whether "conclusions of law" numbered one and two are conclusions of law upon which assignments of error can be based, but it is not necessary that we determine that question, and we do not determine it.

Appellant has not attacked conclusion of law numbered three with points and authorities. Therefore we deem the assigned error as to that conclusion of law as waived.

No reversible error having been shown, the judgment is affirmed.

Curtis, J., not participating.