RICHMOND IRON WORKS *vs.* HENRY B. WADHAMS.

Berkshire. Sept. 14. — Oct. 23, 1886. DEVENS, W. ALLEN, & C. ALLEN, JJ., absent.

In an action for breaking and entering the plaintiff's close, brought in 1883, it appeared that the plaintiff, in 1852, took possession of the land under a deed purporting to convey the same, and cut off all the wood and timber thereon; that the land was woodland when cut over by the plaintiff, and had been left to grow up to wood, and, at the commencement of the action, consisted of sprouts, about one acre of pasture, and some wet land, and all of it had been occupied by the defendant's cattle more or less since 1852; that it was entirely surrounded by the defendant's land; that the defendant had fenced his own land, and had thus included, within the fence, the plaintiff's land; that the defendant had used the lot as a pasture and place for his cattle to run, feed, and drink upon, without any hindrance or objection made by any one for more than twenty years; and that the defendant had also repaired a road through the plaintiff's land, and had used the road in going to and from his own land, and had from time to time, from 1856 to 1877, cut one or two cords of wood upon the plaintiff's land, and had allowed it to remain on the land for some time before taking the same away, so that it could be seen by any one. The defendant testified that he claimed this lot as his own since 1856 or 1857; and that he ever since had had full and exclusive possession and control of the same, unmolested by any one. *Held,* that the evidence did not tend to show a title to the land in the defendant by adverse possession, as against the plaintiff's prior title.

TORT for breaking and entering the plaintiff's close in Richmond, and cutting down and carrying away a quantity of wood and timber; and for converting the same to the defendant's use. Writ dated October 3, 1883. Trial in the Superior Court, before *Bacon,* J., who ruled that the defendant had shown no defence to the action; directed the jury to return a verdict for the plaintiff; and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered on the verdict; otherwise, a new trial to be had. The facts appear in the opinion.

*A. J. Waterman,* for the defendant.

*F. H. Wright,* (*J. Dewey* with him,) for the plaintiff.

FIELD, J. It seems to have been conceded at the trial, that the plaintiff had a sufficient title to, or possession of, the lot in question to enable it to maintain its action, unless the defendant had acquired title by adverse possession. It is found that the plaintiff acquired a good title by deed to eight acres and twenty-

eight rods, and if it did not, by the same deed, acquire title to the remaining five acres and seventy rods, it, in 1852, took possession of all the land under a deed purporting to convey the whole land, and exercised acts of ownership by cutting off all the wood and timber.

The defendant contends that there was evidence for the jury that he had acquired title by adverse possession after the plaintiff took possession under its deed. The land was woodland when cut over by the plaintiff, and had been left to grow up to wood, and, at the commencement of the action, " consisted of sprouts, about one acre of pasture, and some wet land, and all of it had been occupied by the defendant's cattle more or less ever since 1852." It was entirely surrounded by the defendant's land, and the defendant had fenced his own land, and had thus included, within the fence, the land of the plaintiff; but we do not understand that any fence had been built on any of the boundary lines between the plaintiff's land and the land of the defendant. The defendant had " used the lot as a pasture and place for his cattle to run, feed, and drink upon, without any hindrance or objection made by any one, for more than twenty years." By this we understand that the defendant's cattle, put upon his own land, went upon the plaintiff's land and used it, as well as the defendant's adjoining land, as a pasture. The defendant had also repaired a road through this lot of the plaintiff's, and had used the road in going to and from his own land, and had "from time to time, from 1856 to 1877," cut one or two cords of wood upon the plaintiff's land, and had allowed it to remain on the land "for some time before taking the same away, so that it could be seen by any one."

The defendant testified that he claimed this lot as his own since 1856 or 1857, and that he " ever since had had full and exclusive possession and control of the same, unmolested by any one; " but this must mean that his possession had been such as has been described. As the land upon which the defendant entered and cut the wood, and which he used in connection with his own land as a pasture, was wild, unenclosed land, we think the evidence did not tend to show a title in the defendant by adverse possession, as against the plaintiff's prior title, whether the plaintiff acquired it by deed, or by the possession which it took under the

deed before the defendant entered upon the land. *Coburn* v. *Hollis*, 3 Met. 125. *Williston* v. *Morse*, 10 Met. 17. *Slater* v. *Jepherson*, 6 Cush. 129. *Cook* v. *Babcock*, 11 Cush. 206. *Parker* v. *Parker*, 1 Allen, 245. *Morris* v. *Callanan*, 105 Mass. 129.

*Judgment on the verdict.*