THANKFUL S. MORSE *vs.* ABRAM SHERMAN.

Bristol. October 29, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Disseisin — Evidence — Exceptions.*

At the trial of a petition for partition the issue was submitted to the jury whether the parties, who owned a lot and occupied the same as tenants in common, had acquired a title by disseisin to a strip of land in the rear thereof, which had formerly been used as a lane, and to which the respondent claimed title in his own right under a deed from the holder of the paper title. The petitioner's evidence tended to show that for more than twenty years prior to the deed to the respondent the use of the lane as a lane had been discontinued, and it had been enclosed by a fence with the lot conveyed to them, so as to make one lot to the eye and formed a part of their yard; that the only privy used in connection with their house was on the strip in question; that the petitioner hung her clothes, sifted her ashes, and emptied her slops there, had half the currants which grew on some currant bushes there, and paid half the expense of repairing the fence, the respondent paying the other half; that the respondent planted that part of the land, and the petitioner had one half of the vegetables. The respondent testified that he acted under a license most of the time. *Held,* that there was evidence to warrant the jury in finding that the petitioner and respondent had acquired a title by disseisin before the respondent took his deed of the strip.

PETITION for partition. At the trial in the Superior Court, before *Hammond,* J., after the evidence was all in, the respondent asked the judge to rule that there was not sufficient evidence to warrant the jury in finding a verdict for the petitioner upon the issue framed, and to direct the jury to answer the question submitted to them in the negative. The judge refused so to rule and direct, and the respondent alleged exceptions. The facts, so far as material, appear in the opinion.

*J. Brown & R. C. Brown,* for the respondent.

*H. M. Knowlton,* for the petitioner.

HOLMES, J. This is a petition for partition. The respondent denies that the petitioner has any interest in the northerly or rear part of the lot of land described in the petition. Her interest in the front part is not disputed. The land not in dispute was conveyed to the petitioner and respondent as tenants in common in 1848, by a deed describing the land as bounded northerly by an old lane, and giving measurements which ex-

cluded the lane.   The land in controversy is the land covered by the lane in the rear of the part conveyed.   An issue was framed for the jury in the Superior Court on the petitioner's title to that part of the land as cotenant with the respondent.   The jury found for the petitioner, and the question for us is whether there was any evidence which warranted their doing so.   It may be assumed that the deed conveyed no part of the lane, or at least no good title to it.   The petitioner's title is a title by disseisin.

The evidence favorable to her is, that at the time of the deed to her and the respondent the use of the lane as a lane had been discontinued, and the land in controversy was, and ever since has been, enclosed on the three further sides by a continuous fence, so as to make one lot to the eye with the land conveyed.   The only privy used in connection with the house on the land conveyed was on the lane, and that part of the land was used as part of the yard of the house, in the same way as the portion conveyed by the deed; the petitioner hung her clothes, sifted her ashes, and emptied her slops there, had half the currants which grew on some currant bushes there, and paid half the expense of repairing the fence, the respondent paying the other half.   The respondent planted that part of the land without license from any one, and the petitioner had a part of the vegetables.   The petitioner and respondent occupied the house.   The respondent, it is true, testified that he acted under license most of the time, but that the jury had a right to disbelieve.   We find nothing in the cases cited for the respondent (*Cook* v. *Babcock*, 11 Cush. 206, 209, and *Richmond Iron Works* v. *Wadhams*, 142 Mass. 569) to lead us to doubt that the jury were warranted in finding that the petitioner and the respondent had acquired a title by disseisin before the respondent took his deed from the holder of the paper title in 1877.

*Exceptions overruled.*