JAMES H. KERSHAW & another *vs.* JOHN ZECCHINI & another.

Essex. January 4, 1961. — March 30, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Adverse Possession and Prescription.*

Acts of a circus performer on land during seven years after a purported conveyance of it, unimproved, to him, including clearing brush, cutting down trees, putting in boundary marks, keeping it cleared, and using it for exercises and stunts, coupled with acts of a grantee of his during the fifteen years following, including removal of stones and erection of a wall and a house on the land, warranted a finding that his grantee had acquired title to it by adverse possession as against the holder of a superior record title, notwithstanding that the circus performer had not resided on the land, that the continuity of his actual presence there had been disrupted by circus trips, and that his activities on the land had been participated in by his subsequent grantee.

BILL IN EQUITY, filed in the Land Court on May 9, 1958.

The suit was heard by *McPartlin, J.*

*Norman M. Goldberg,* for the plaintiffs.

*Walter C. Tomlinson,* for the defendant, submitted a brief.

SPALDING, J. This bill in equity is brought in the Land Court to obtain a declaratory decree establishing title to a parcel of real estate, hereinafter called the locus. See G. L. c. 231A, § 1. From a decree adjudging that the defendant Zecchini (hereinafter called the defendant) was the owner of the locus, the plaintiffs appealed.

The judge made extensive findings which he designated as the "material facts." The evidence is not reported. There appears to be no statutory provision applicable to the Land Court analogous to G. L. c. 214, § 23, or G. L. c. 215, § 11, under which a party in the Supreme Judicial, Superior, or Probate Court may obtain, as of right, a report of the material facts. Were this case in one of these courts, the report of the judge, although voluntary, would be treated as the equivalent of a statutory report of the

material facts. See *Jose* v. *Lyman,* 316 Mass. 271, 277. In such circumstances, where the evidence is not reported, the only question is "whether, solely on the findings reported by the judge, . . . the decree was rightly entered." *Wiley* v. *Fuller,* 310 Mass. 597, 599. We assume, without deciding, that the findings here are to be treated similarly. So treated, we are of opinion that they are sufficient to support the decree.[1]

The locus is lot 33 on a "Plan of Land Belonging to Mrs. Eleanor Fairbrother, Andover, Mass." dated September, 1911. The area of the locus is 4,943.8 square feet. The plaintiffs claim through a chain of title commencing with a deed from Eleanor Hamel (the former Eleanor Fairbrother) to The C. & H. Co. dated and recorded December 1, 1931. The defendant claims under a chain of title commencing with a deed from Edgar M. Earley and Eleanor Earley (the former Eleanor Fairbrother) to Elbridge J. Fairbrother. This deed was dated September 18, 1915, but was not recorded until June 4, 1936. It is plain from the foregoing facts that the plaintiffs have a superior record title, and no contention is made to the contrary.[2] The defendant's claim of ownership is based on adverse possession.

The locus was conveyed to the defendant's predecessor in interest, one Oscar Andresen, by a deed dated June 4, 1936, and recorded the same day. Andresen and his wife were circus performers who, between periods of employment, lived with the defendant and his wife in a house located diagonally across the road from the locus. After his purchase, Andresen and the defendant went onto the locus, which had previously been unimproved land, and cleared the brush and cut down trees. Thereafter, Andresen put bound pipes in at the corners of the lot and kept it

[1] Despite the fact that the judge referred to his findings as the "material facts," in other portions of his findings he makes conclusions "on all the evidence," leaving it doubtful whether his ultimate conclusions are based on the subsidiary findings contained in the report or on the evidence which is not before us. To avoid uncertainty, a judge should make it clear whether his conclusions are based on subsidiary facts found by him or on the evidence. See *Dodge* v. *Anna Jaques Hosp.* 301 Mass. 431, 435–436.

[2] The plaintiffs acquired their title by a deed from Jonas H. Leathers dated October 20, 1955, which was recorded on October 24, 1955.

clear. The land was assessed to him for taxes from 1937 to 1942. From 1936 until 1943 Andresen and the defendant exercised and practised stunts on the lot when they were in town. In consideration of payment of several years of back taxes on the land, Andresen conveyed the locus to the defendant in 1943. Thereupon the defendant erected a wall, removed the stones, and built the house which is now on the land.

The plaintiffs filed their bill on May 9, 1958. It is conceded that the defendant's actions since 1943 were such as to constitute adverse possession. The only question is whether Andresen's conduct was of such a nature that the 1936–1943 period can be tacked onto the 1943–1958 period to form the twenty years necessary for acquisition of title by adverse possession. See *Wishart* v. *McKnight,* 178 Mass. 356, *S. C.* 184 Mass. 283; *Luce* v. *Parsons,* 192 Mass. 8; Am. Law of Property, § 15.10.

The judge found "on all the evidence that the defendant . . . Zecchini . . . and his predecessors in title under a claim of right have exercised dominion over the locus openly and notoriously and continuously for a period of more than twenty years." On the basis of the material facts expressly found, the judge could properly have concluded that the defendant acquired title by adverse possession. For title to be acquired in this manner, the claimant must prove that the "nonpermissive use . . . [was] actual, open, notorious, exclusive and adverse." *Ottavia* v. *Savarese,* 338 Mass. 330, 333. Whether, in a particular case, these elements are sufficiently shown is essentially a question of fact. This is because "[t]he nature and the extent of occupancy required to establish a right by adverse possession vary with the character of the land, the purposes for which it is adapted, and the uses to which it has been put." *LaChance* v. *First Natl. Bank & Trust Co.* 301 Mass. 488, 490. The locus was unimproved land. Andresen put in boundary marks, kept the land clear of brush, and continuously used the area for his exercises and stunts. It cannot be said as matter of law that these acts could not properly be the basis of a finding of disseisin.

The plaintiffs, however, argue that acts similar to those performed by Andresen are insufficient as matter of law to constitute adverse possession. We are mindful of the strict rule prevailing in this Commonwealth as to what acts constitute a disseisin in the case of wild land or woodland. See *Cowden* v. *Cutting,* 339 Mass. 164, 168, and cases cited. Nevertheless it cannot be said that Andresen's activity on the locus could not be found to constitute a disseisin. See *Dow* v. *Dow,* 243 Mass. 587, 591–593. Nor can it be said that the acts were not sufficiently notorious to give the true owner notice of the adverse claim. See *Dow* v. *Dow, supra,* at p. 593; *Foot* v. *Bauman,* 333 Mass. 214, 217–218; *Ottavia* v. *Savarese,* 338 Mass. 330, 334. It was not necessary that Andresen reside on the property "where other acts of dominion regularly exercised establish unbroken possession in fact for the required period." Am. Law of Property, § 15.3. Although the continuity of his actual presence on the locus was disrupted by circus trips, the facts do not require a finding that his possession was occasional or intermittent. Compare *Marshall* v. *Francis,* 332 Mass. 282, 286–287.[1] To constitute a disseisin it was necessary that Andresen's possession be exclusive. *Curtis* v. *Brown,* 219 Mass. 157, 159. *Ansin* v. *Taylor,* 262 Mass. 159, 164–165. But the fact that the defendant participated in the acts of disseisin from 1936 until 1943 does not destroy the exclusiveness of Andresen's possession. During that period Andresen alone claimed under color of title and he alone was assessed for taxes on the land. It would have been a simple matter for the owner to have discovered the identity of the disseisor. Thus on the facts found the judge was justified in concluding that the defendant, by his own acts and by those of Andresen, his predecessor in title, had acquired ownership by adverse possession.

*Decree affirmed.*

---

[1] In *Parker* v. *Parker,* 1 Allen, 245, 247, also cited by the plaintiffs, it was clear that "[t]he acts of possession were few, intermittent, and equivocal." In the case at bar there was an express finding that the acts were continuous. This is not necessarily inconsistent with the subsidiary finding that Andresen spent some time out of town with the circus.