HENRY A. COLLINS & another *vs.* JOAQUIM CABRAL & another. April 1, 1965. Decree affirmed with costs. The defendants appeal from a final decree enjoining them from entering upon a parcel of land (the locus) located in Somerset. The judge found that the plaintiffs had title to the locus through the adverse possession of their predecessors in title. The judge made findings of fact. The evidence is reported. The locus is of roughly triangular shape located between and contiguous to the property of the plaintiffs and the defendants, but separated from the defendants' land by a stone wall which has been in its present location for over forty-five years. There was evidence supporting the judge's findings of the following uses of the locus made by the plaintiffs' predecessors in title:

[1] Thelma A. DeCotis.

[2] Jean B. Ippolito, Joseph C. Ippolito, and Laura G. Ippolito. The bill was dismissed against the latter two defendants.

Between 1939 and 1944 the land was used in a relatively undeveloped state for the growing of fruit and rhubarb which were harvested each year. The area was cleared of poison ivy, the grass was mowed, and a child of one of the plaintiffs' predecessors in title played there. From 1939 to 1962 the area was regularly used for picnics and a place to sit out. Some time around 1945, in conjunction with the construction of a house and garage on the plaintiffs' land, a septic tank was installed in the locus and the area was filled, graded, and seeded. Thereafter it was used as part of the lawn of the house and was regularly maintained, at least until 1962. The requirements for acquisition of title by adverse possession are well established. *LaChance* v. *First Natl. Bank & Trust Co.* 301 Mass. 488. *Shoer* v. *Daffe*, 337 Mass. 420. *Ottavia* v. *Savarese*, 338 Mass. 330. *Kershaw* v. *Zecchini*, 342 Mass. 318. The facts found met those requirements.

*David Entin* for the defendants.
*James W. Killoran* for the plaintiffs.