JAMES L. SENN & another[1] *vs.* WESTERN MASSACHUSETTS ELECTRIC COMPANY. November 21, 1984. *Adverse Possession and Prescription. Eminent Domain*, Interest in property taken. *Evidence*, Relevancy and materiality.

On May 27, 1969, Western Massachusetts Electric Company (WMECO) took by eminent domain an easement over land located in Montague for the construction and use of electric transmission lines. The taking included 9.38 acres held by the plaintiffs as record owners, and the adjoining 56.2 acres of woodland for which the plaintiffs claimed ownership by adverse possession. A jury trial was held on the plaintiffs' complaint for damages, and at its conclusion the judge submitted special questions to the jury under Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974). The jury found that the plaintiffs were entitled to damages for the easement taken by WMECO on both the 9.38 acres and the adjoining 56.2 acres. WMECO filed a motion to alter or amend the judgment to eliminate damages for the easement on the 56.2 acres. Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974).[2] As grounds for its motion, WMECO argued that the plaintiffs had failed to show, under established principles of Massachusetts law, the requisite activities constituting adverse possession of unenclosed, uncultivated woodlands. The judge

---

[1] Claire M. Senn.

[2] WMECO did not move for a directed verdict on this issue, because it agreed that the plaintiffs were entitled to some damages for the easement taken on the 9.38 acre parcel for which they held record title. The plaintiffs had not divided their claims for damages relating to the 9.38 acre parcel and the 56.2 acre parcel into separate counts. We do not have to consider whether "rule 59(e) is designed for precisely [these] situations" (*Page* v. *New England Tel. & Tel. Co.*, 383 Mass. 250, 252 [1981]) because the plaintiffs did not object to the procedure. We treat the motion in the same light as a motion for directed verdict or a motion for judgment notwithstanding the verdict. Mass.R.Civ.P. 50(a) & (b), 365 Mass. 814 (1974).

granted WMECO's motion and entered judgment awarding damages to the plaintiffs solely for the easement taken on the 9.38 acre parcel to which they had record title. The plaintiffs have appealed the judge's allowance of the motion. The plaintiffs raised two additional issues on appeal, namely, that the judge erred in instructing the jury that the plaintiffs were required to show adverse possession, that actual possession was not enough, and that he erred in refusing to admit in evidence two orders entered in another action involving the same land.[3]

, 1. *The plaintiffs' claim of adverse possession.* In order to establish a claim of title by adverse possession, the party asserting such ownership must prove "nonpermissive use which is actual, open, notorious, exclusive and adverse for twenty years." *Snow* v. *E.L. Dauphinais, Inc.*, 13 Mass. App. Ct. 330, 335 (1982), quoting from *Ryan* v. *Stavros*, 348 Mass. 251, 262 (1964). Both parties agree that the 56.2 acre parcel in this case consists of woodland. In regard to land bearing that characteristic, it has been held that, as an additional requirement, the party claiming ownership by adverse possession must establish that the woodland has been enclosed or reduced to cultivation. See *Cowden* v. *Cutting*, 339 Mass. 164, 168 (1959); *Kershaw* v. *Zecchini*, 342 Mass. 318, 321 (1961).

The evidence presented at trial, when viewed in the light most favorable to the plaintiffs, is insufficient, as matter of law, to sustain a verdict that the plaintiffs had obtained title by adverse possession of the 56.2 acres at or before the taking. The evidence showed that the plaintiffs and their predecessors had used, in some fashion, part of the parcel for at least twenty years. The main activity during that time involved the cutting of timber for family use and for sale to others. They used the logging roads traversing the parcel, pastured some animals over a portion of the parcel, and paid real estate taxes in the years 1967 through 1970. The plaintiffs concede that they never enclosed the parcel by walls or fencing.

In line with the decided cases, this evidence falls short of what would be required to permit the issue of title by adverse possession to the 56.2 acre parcel to go to the jury. In *Slater* v. *Jepherson*, 6 Cush. 129, 131-132 (1850), an action to recover open woodlands against a claim of adverse possession, the defendant produced evidence that for thirty years he had cut timber from the lot for his own use and for sale to others, had on one occasion cut all the wood on the site, had cleared a portion of the land, had sold part of the premises, and had run a line demarcating a boundary. No evidence was offered of the cultivation or fencing of the premises. In affirming the trial court's ruling that there was insufficient evidence of

---

[3] The jury returned a verdict in favor of the plaintiffs and, therefore, it could be argued that the judge's denial of the plaintiffs' request for instruction and his refusal to admit the two orders in evidence were harmless error. Because we hold that the judge's action in allowing the defendant's motion to alter or amend the judgment was not error, we consider these two issues raised by the plaintiffs on appeal.

adverse possession to go to the jury, the court held that "[a]ccording to the cases decided in Massachusetts, . . . these acts are not in their nature acts of exclusive possession, and therefore do not constitute proof of disseisin." Accord *Richmond Iron Works* v. *Wadhams*, 142 Mass. 569, 570-571 (1886); *Dow* v. *Dow*, 243 Mass. 587, 594 (1923). *Kershaw* v. *Zecchini*, 342 Mass. at 321, is not to the contrary. Thus, the judge was correct in allowing the defendant's motion to alter or amend judgment.

2. *The judge's instruction as to title by adverse possession*. The judge instructed the jury that, in order for the plaintiffs to recover damages for the easement across the 56.2 acre parcel, they were required to prove that they had title by adverse possession at the time of the taking. The plaintiffs requested an instruction to the jury to the effect that they need only prove actual possession of the parcel on the taking date to recover against the defendant. The judge denied their request.

Parties claiming damages in eminent domain cases have the burden of proving that they held title to the land that was taken at the time of the taking. See *Iris* v. *Hingham*, 303 Mass. 401, 403-404 (1939). There is a narrow exception to the rule. In *Opinion of the Justices*, 365 Mass. 681, 692-693 (1974), the court stated that "a holder by adverse possession which has not yet ripened into title . . . may maintain an action for a taking by the Commonwealth." But that exception is not germane to this case. The plaintiffs here failed, as noted above, to establish sufficient evidence of the requisite acts which constitute adverse possession — the duration of the activity on the parcel was not disputed.

In Massachusetts, a party without record title cannot claim damages for a taking on the basis of activity less than that required for adverse possession. *Andrew* v. *Nantasket Beach R.R.*, 152 Mass. 506 (1890), and *Slater* v. *Rawson*, 6 Met. 439 (1843), cited by the plaintiffs in their brief, are not to the contrary. The judge was correct in denying the plaintiffs' requested instruction.

3. *The admissibility of certain evidence*. The plaintiffs contend that the judge erred in refusing to allow in evidence two orders entered in an action to quiet title to the 56.2 acre parcel. In April, 1981, the plaintiffs brought a complaint in the Superior Court against Nellie Powers, her heirs, devisees or legal representatives in regard to the ownership of the 56.2 acre parcel. The action was brought pursuant to G. L. c. 260, § 21. No one appeared for the defendants and, on November 10, 1981, an interlocutory order entered decreeing that the complaint was taken for confessed against those defendants named in the complaint. A final order entered November 12, 1981, decreeing that the plaintiffs have title by adverse possession to the parcel.

The judge's action in barring the introduction of the orders in evidence was correct. At most, the orders established the plaintiffs' title to the parcel as of November, 1981. The relevant date for determining the plaintiffs' right to damages was in 1969, some twelve years before the entry of the

orders. Thus, the orders have no relevancy on the defendant's liability in this action. There was no error.

*Allowance of the defendant's motion to alter or amend judgment affirmed.*

*Judgment affirmed.*

*James F. Gettens* for the plaintiffs.
*Joseph T. Fahy* for the defendant.