*L. Reilly*, for the state.

---

GRAYSON. and Others *v.* PATTERSON and Others.

Motion by a non-resident defendant, within five years after the rendition of a decree, to open the same, on the ground that though publication of the pendency of the suit had been made, yet he had not received actual notice thereof, &c. The motion was supported by affidavit, and an answer to the bill was filed. The plaintiffs in the original bill thereupon offered to prove by a witness that the defendants to the bill had had notice of the suit, before the decree was rendered, by a letter received from one of the plaintiffs. *Held*, that the evidence offered, if taken as true, did not show that the defendants. had received a sufficient notice.

APPEAL from the *Decatur* Circuit Court.

PERKINS, J.—Motion to open a decree in chancery. The plaintiffs in the motion filed an affidavit that they were non-residents; that notice was given in the original cause by publication; that notice did not come home to them, &c. They also presented an answer to the original bill.

Nov. Term,
1855.

GRAYSON
v.
PATTERSON.

*Wednesday,*
*December* 12.

The plaintiffs in the original bill answered the motion, setting up that actual notice of its pendency was given prior to the hearing, to the defendants to that bill, now plaintiffs in the motion. Issue was joined, and submitted to the Court for trial, who found against the notice, opened up the decree, and received the answer to the original bill.

On the trial, the plaintiffs in the original bill, says a bill of exceptions, "offered to prove by *Henry Harney*, a competent witness, that the defendants to that bill, now making this motion, admitted to him that they had had notice of the suit before the decree was rendered, by a letter received by them from *Francis Talkington*, one of the plaintiffs; but the Court refused to hear the evidence, holding that the Court would grant the motion to open the decree, unless the plaintiffs would prove that said defendants had actual notice of the pendency of said suit by service of process, or by proof that the notice of publication was actually read to or seen by the defendants in the original case." See 2 R. S., p. 36, s. 39. The foregoing extract presents the only point in the case.

The statute provides that a party against whom a decree has been rendered upon notice by publication, may, at any time within five years, &c., have the same opened, &c.; but that, before the decree shall be opened, such party shall file "an affidavit stating, that during the pendency of such bill, he received *no* actual notice thereof in time to appear in Court and object to such decree," &c. R. S. 1843, p. 847.—2 R. S. 1852, p. 37. . Now, it is not necessary for us here to decide how that "actual notice" may be given. It is enough for this case that the proof proposed to be made did not establish a sufficient one.

It was not proposed to show that it was a sufficient time before the decree to enable the parties to appear, &c.;

nor what were its contents—whether it informed the parties of the term of the Court at which it was to be heard, the nature of the proceeding, the names of the parties, &c. Had the letter been produced, or a statement of its contents made, so that the Court could have judged of the sufficiency of the notice, it might have raised a question. As it is, the proof was rightly rejected.

*Per Curiam.*—The decree is affirmed with costs.

*J. S. Scobey* and *W. Cumback,* for the appellants.