Filed January 17, 1893.

———————— ◆ ————————

No. 638.

## HUBER ET AL. *v.* BECK ET AL.

JURISDICTION.—*Appellate Court.*—*Matters Equitable Purely and Incidentally.*— Where an action for damages is sustained by reason of being wrongfully deprived of the use of leased premises, and the defendants answered affirmatively, and, in addition thereto, filed a cross-complaint asking for a judgment against the plaintiffs for rent, and that said judgment be declared a lien on certain crops on said leased premises, and that said lien be foreclosed, the cross-complaint being a demand for affirmative equitable relief and not a matter incidentally arising and invoking a consideration in equity, this court has no jurisdiction of the case; for matters

purely equitable in character are within the jurisdiction of the Supreme Court, but equitable matter incidentally arising will not deprive this court of jurisdiction.

SAME.—*Expressly or Impliedly Determined in Every Case.*—*May be Raised at Any Time.*—*Court May Determine of Its Own Motion.*—A court must and does determine in every case either expressly or by necessary implication, whether or not it has jurisdiction, and to determine that question it must look to the law, the only source of jurisdiction. The question of jurisdiction may be raised at any stage of the proceedings, and if counsel do not raise it, it is the duty of the court, of its own motion, to inquire into it.

From the Posey Circuit Court:

*W. S. Jackson*, for appellants.

*J. W. Spencer*, *C. M. Spencer* and *E. M. Spencer*, for appellees.

LOTZ, J.—The appellant, George Huber, son of John Huber, leased to the appellee certain lands in Posey County. The lease was in writing, and was executed June 24, 1890. It was stipulated that the tenure should commence August 1, 1890, and end August 1, 1891. The appellees agreed to pay, as rent for the premises, the sum of four hundred and fifty dollars, in installments, all to become due within the year, and to do certain work on said lands, and "to give peaceable possession of said place and buildings by August 1, 1891, and said crops to be held in said Huber's possession to secure said payments when they become due." Appellees took possession of the lands under the lease, and in the fall of the year 1890 plowed and sowed thirteen acres in rye and nineteen acres in wheat. In the month of November, 1890, the appellee ceased to be in possession of said lands; the allegation is that the defendants unlawfully and forcibly took possession of and excluded the appellees therefrom during the remainder of said term. Appellees instituted this action, June 24, 1891, to recover damages which they allege they have sustained in being deprived of the use of said premises. The appellants answered jointly that the appellees had

voluntarily surrendered and abandoned said premises and said lease. They also file a cross-complaint, asking that they have judgment against the appellees for the rent, and that the same be declared a lien on the wheat and rye, and that such lien be foreclosed. It does not appear very clearly from the pleadings whether the complaint declared in trespass or on implied covenant for quiet possession; or whether the cross-complaint sought the foreclosure of the statutory landlord's lien, or the lien created by the contract. The sufficiency of none of these pleadings is questioned in this court. Issues were joined on the complaint and cross-complaint, and on appellants' motion the issues joined on the complaint were submitted for trial to a jury, and those on the cross-complaint were submitted to the court alone, and both were tried at the same time. This course was taken without any objection on the part of appellees. The jury returned a verdict in favor of appellees in the sum of $686.11, and the court made a finding in favor of appellants in the sum of $468.00 and decreed that the same was a landlord's lien on the crops and should be foreclosed, and then deducted that sum from the amount of the verdict and rendered a personal judgment in favor of the appellees, and against the appellants, for the difference in the sum of $218.11.

The only assignment of error is the overruling of the motion for a new trial, and this assignment is the only one presented or discussed by counsel. There is, however, another question which naturally and forcibly presents itself on considering this brief summary of the pleadings and proceedings in the trial court—that of the jurisdiction of this court. The complaint seeks to recover a money judgment only. The amount and subject matter of it fall within the jurisdiction of this court, but the cross-complaint brings into the controversy the fixing and enforcement of a lien against particular property or funds.

Does the fact that a lien is sought to be forclosed deprive this court of jurisdiction? Jurisdiction, as the term is applied to the courts, is the legal power of hearing and determining controversies. As the derivatives of the word import, it is the law declaring or speaking. Jurisdiction of the subject matter always comes from the law; it can not be waived nor conferred by consent of the parties or their counsel. The first question that confronts any court, in a proceeding before it, is one of jurisdiction. This it must decide before it can proceed to determine the rights of the parties. This it does do in every case, either expressly or by necessary implication. If it ascertains that it has no jurisdiction, it declines to proceed farther. If it proceeds to the extent of making any order or judgment affecting the rights of the parties, the necessary inference is that the question of jurisdiction has been determined as being in the court, else it would not proceed to pass on the rights of the parties at all. *Clary* v. *Hoagland,* 6 Cal. 685. Jurisdiction over the subject matter of the controversy may be raised at any stage of the proceedings. If counsel do not present it, it is nevertheless the duty of the court to inquire into it of its own motion. *Jeffersonville, etc., R. R. Co.* v. *Harrold,* 3 Ind. App. 592; *Davis* v. *Davis,* 36 Ind. 160; *Doctor* v. *Hartman,* 74 Ind. 221; *Hawkeye Ins. Co.* v. *Erlandson,* 50 N. W. Rep. 881.

This court has no original jurisdiction; it is appellate only. Appellate jurisdiction is the power to revise the final judgment, order, or decree of an inferior court. It is the imperative duty of this court to determine its own jurisdiction in this case, for if this court is without jurisdiction, then any order made by it in reviewing or modifying the judgment of the trial court will be of no effect.

The act creating and defining the jurisdiction of this court has been so construed by the Supreme Court of this State as that suits in equity and proceedings purely equitable in character are not within its jurisdiction. *Ex*

Huber *et al.* *v.* Beck *et al.*

*parte Sweeny*, 126 Ind. 583. It is true that questions of an equitable character where they arise only incidentally do not deprive this court of jurisdiction. *Harris* v. *Howe*, 129 Ind. 72. But to establish and foreclose the lien on the crops as asked by the cross-complaint is not a mere incident to either an action in trespass or the breach of a covenant for quiet possession. It introduces into the controversy an element foreign to the scope and purposes of the complaint. The relief sought is not a mere money judgment, but the court is asked to decree that the rent be made a specific lien on the crops, or funds realized from the crops. This court has no jurisdiction in an action to collect an account and enforce a material man's lien against real estate (*Taylor* v. *Dahn*, 31 N. E. Rep. 937), nor in an action on a note and to foreclose a mortgage on real estate securing the same. *Hoover* v. *Kilander*, 31 N. E. Rep. 39. "Equity acts specially" is one of the maxims of equity jurisprudence. The trial court was asked to act specifically, to decree a specific lien, and entertaining that view, it refused to submit this branch of the case to a jury, but tried and determined it as a matter of equitable consideration purely.

In determining the question of jurisdiction, we can not consider the sufficiency of any of the pleadings. It is enough for us to know that an element has been brought into the controversy which deprives this court of jurisdiction. *Lake Shore, etc., R. W. Co.* v. *VanAuken*, 1 Ind. App. 492; *Wysor* v. *Johnson, Ibid.* 419. The relief sought by the cross-complaint takes this cause out of our jurisdiction. The clerk is ordered to transfer the cause to the docket of the Supreme Court.

Filed January 17, 1893.