# YOUNG ET AL. *v.* FOSTER.

[No. 8,269. Filed April 3, 1914. Rehearing denied June 26, 1914. Transfer denied March 10, 1915.]

1. JUDGMENT.—*Opening.*—Before any relief can be had in a proceeding to open a judgment under §§627, 628 Burns 1914, §§600, 601 R. S. 1881, the parties seeking the relief must clearly bring themselves within the provisions of the statute, and it must appear not only that their motions or applications showing that the judgment was obtained against them without other than notice by publication in a newspaper, as well as full answers to the original complaint, were filed within five years after the rendition of the judgment, but also that the notice ordered by the court was given to plaintiff within that time. p. 255.

2. JUDGMENT.—*Opening.*—*Notice.*—In a proceeding to open a judgment under §§627, 628 Burns 1914, §§600, 601 R. S. 1881, where the court ordered personal notice to be given, actual service of the notice within five years from the time the judgment was rendered was requisite, and the appearance of the party in whose favor the judgment was rendered, made in response to notice of the proceeding given by publication after the expiration of the time for personal service was not a waiver of the required notice, and the court was without jurisdiction to grant the relief sought. p. 255.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Application of Josephine E. Young and others to open a judgment against them in favor of Hannah M. Foster. From

a judgment denying the relief, the applicants appeal.  *Affirmed.*

*John O. Bowers* and *G. F. Balteiger,* for appellants.
*J. Frank Meeker,* for appellee.

IBACH, J.—On December 22, 1905, Hannah M. Foster, appellee, obtained a decree in the Lake Circuit Court quieting her title to certain real estate situated in that county. In that action it was made to appear by proper affidavit, that Josephine E. Young and a number of other defendants were nonresidents of the State of Indiana, so that constructive notice alone of the pendency of the suit, was given them, through publication in a newspaper of general circulation published in Lake County.  On December 21, 1910, these appellants, defendants in the original suit, filed their several motions and applications to open up the judgment obtained against them by default and to permit them to defénd, because of the fact that such judgment had been rendered against them without other notice than by publica-. tion.  They also presented a full answer to the original complaint.  When the said several applications and answers were filed, it was ordered by the court that each of the appellants give appellee, the original plaintiff, personal notice of the filing and hearing of his application.  Later, on March 3, 1911, it appearing that the order of the court as to notice had not been complied with and it further appearing that said original plaintiff in the former suit was a nonresident of this State, it was ordered by the court that notice of the pendency of the several applications above mentioned be given her by publication for three successive issues in some weekly newspaper of general circulation.  Still later, on May 5, 1911, certain of appellants made proper proof of service of notice by publication as required by the court's order.  On May 26, 1911, appellee, the original plaintiff, filed her demurrer to the said several applications, for want of facts, and on October 7, 1911, the aforesaid démurrers

were each overruled. Appellee then filed her motion to dismiss each of said applications assigning as a reason for such motion that the application of each was not filed within the time required by statute. This motion was also overruled by the court. Upon a submission of the cause for trial, the court found that no notice of the filing of said petition or motions was given until March 16, 1911, and the motions of the several petitioners were overruled. This action of the trial court is presented for review.

Appellants claim that since they filed their applications to open up the judgment and obtained an order from the judge of the Lake Circuit Court, directing them to give personal notice to the plaintiff in the original suit of the pendency of such applications within five years from and after the date of the rendition of such judgment, they have brought themselves wholly within the provisions of §§627, 628 Burns 1914, §§600, 601 R. S. 1881, and therefore the action of the trial court constituted reversible error.

Since appellants are seeking the enforcement of a strict legal right, before it can be said that they have brought themselves clearly within the terms of the statutes 1. allowing the relief sought, it must appear not only that they have filed their several motions or applications setting out the facts that the original judgment was obtained against them without other notice than the publication which appeared in the newspaper and that they filed full answers to the original complaint within five years, but also that they gave the notice to the original plaintiff required by the express order of the court within said period of time after the rendition of the judgment quieting her title to the property involved. Where personal service is directed to be given, we believe the actual service of 2. such notice within the time limited is one of the prerequisites to obtain the right granted, under the provisions of §§627, 628 Burns, supra. But in this case no personal notice of the filing and hearing of the said several

notices as ordered was served and no constructive notice was given until March 16, 1911, the date of the first publication notice, which was five years, two months and twenty-four days after the original judgment was rendered, and too late to obtain the relief sought by this proceeding. We are satisfied that we have placed on the sections of the statutes relied upon by appellants the construction intended by the legislature and which is in harmony with the spirit of this law, and with the general principles announced in analogous cases. *Grayson* v. *Patterson* (1855), 7 Ind. 238; *Temple* v. *Irvin* (1870), 34 Ind. 412.

We can not agree with appellants that appellee by appearing to the several petitions after the expiration of the limited period of five years waived the required notice and thereby gave the trial court jurisdiction. At the time appellee's attorneys filed a demurrer to the motions of appellant, the court did not have jurisdiction of the subject-matter involved, and such jurisdiction could not then be conferred by the appearance or consent of the parties. *Huber* v. *Beck* (1892), 6 Ind. App. 47, 50, 32 N. E. 1025; *Douglas* v. *Keehn* (1881), 78 Ind. 199. In view of the facts as they are revealed by the record, we are satisfied that the finding and judgment of the lower court should be sustained.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 769. As to statutes authorizing vacation of judgments when taken by default, see 58 Am. Dec. 392. See, also, under (1) 23 Cyc. 958, 889; (2) 23 Cyc. 952.