NATION ET AL. v. GREEN, EXECUTOR, ET AL.

[No. 9,284.   Filed June 26, 1917.]

1. COURTS.—*Jurisdiction of Subject-Matter.*—*Right to Question.*
   —Jurisdiction of the subject-matter is conferred only by law, and the jurisdiction of the appellate court to decide a case may be questioned even after decision.  p. 137.

2. COURTS. — *Jurisdiction.* — *Judgment.* — Where the Appellate Court is without jurisdiction in an appeal, anything it may do will be a nullity.  p. 138.

3. COURTS.—*Transfer of Cases.*—*Effect.*—*Jurisdiction.*—Where a petition to transfer raised the question of the jurisdiction of the Appellate Court to review a case, the action of the court in transferring the case to the Supreme Court was an express holding that jurisdiction was in that court, and assumption of jurisdiction by the Supreme Court was at least an implied holding to the same effect.  p. 138.

4. COURTS.—*Supreme Court.*—*Jurisdiction.*—*Appeals from Interlocutory Orders.*—*Statute.*—Under §1392d, cl. 16, Burns 1914, Acts 1907 p. 237, providing that appeals from interlocutory orders for the delivery of the possession of real property or the sale thereof shall be taken directly to the Supreme Court, the Supreme Court has exclusive jurisdiction in an appeal from an interlocutory order for the sale of a decedent's real estate on petition of the executors.  p. 139.

5. APPEAL. — *Parties.*—*Improper Designation.*—*Statute.*—Under §1 of the act of 1917, Acts 1917 p. 523, providing that parties named in an appeal shall be properly before the court for all purposes, whether they are named as appellants, or appellees, and that the improper designation of parties shall not affect

the jurisdiction of the court, the Appellate Court would be required, if it had jurisdiction in an appeal, to set aside an order of dismissal, made because a party appellee had been named as an appellant, and decide the case on its merits. p. 140

From Howard Circuit Court; *Joseph Combs,* Special Judge.

On petition to transfer to Supreme Court. *Transfer granted.*

*Harness & Moon,* for appellants.
*Blacklidge, Wolf & Barnes* and *R. L. Ewbank,* for appellees.

HOTTEL, C. J.—Since the filing of the opinion herein dismissing the appeal, counsel for appellee have filed a petition in which they suggest that the jurisdiction of the appeal is in the Supreme Court, and ask that the case be transferred to that court, under §1397 Burns 1914, Acts 1901 p. 568.

Appellants have filed a response to said petition in which they concede the correctness of appellee's contention and say in effect that the appeal was taken by them to this court under a misapprehension of the method of transfer by which the two cases of *Daniels* v. *Bruce* (1911), 176 Ind. 151, 701, 95 N. E. 569, 577, reached the Supreme Court, they thinking that said cases were transferred from this court under §1394, cl. 2, Burns 1914, Acts 1901 p. 567, when in fact such transfer was made under §1397 Burns 1914, *supra.*

It is, in effect, conceded by both parties that if by acts and conduct jurisdiction could be conferred or waived, it has been done in this case. However, 1. jurisdiction of the subject-matter is conferred by law only, and the parties are strictly within their rights and duties in presenting the question even at this late day. However, in view of the fact that, for reasons hereinafter indicated, there is some room for doubt

as to the question of jurisdiction, and in view of the fact that clause 2, §1394, *supra,* furnishes an opportunity, to either party to transfer the case to the Supreme Court for its final determination of any question, jurisdictional or otherwise, decided by this court which contravenes a ruling precedent of the Supreme Court, we would be inclined to allow our judgment of dismissal to stand and let the parties pursue the remedy last indicated; but, for reasons which will appear later in the opinion, the judgment of dismissal must in any event be set aside and the case determined on its merits.

2. This being true, it becomes important to have the question of jurisdiction properly determined in advance, because if this court is without jurisdiction, anything it may hereafter do, as well as the things which it has already done, will be a nullity. *Doctor* v. *Hartman* (1881), 74 Ind. 221; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Huber* v. *Beck* (1892), 6 Ind. App. 47, 32 N. E. 1025.

3. The cases of *Daniels* v. *Bruce, supra,* upon which the parties base their claim that jurisdiction of this appeal is in the Supreme Court, were consolidated and decided by this court, January 26, 1911. *Daniels* v. *Bruce,* 93 N. E. 675. A petition for rehearing was overruled, after which appellees filed in the Supreme Court a petition to transfer the causes to that court under §1394, cl. 2, Burns 1914, *supra.* They, on the same day, filed in this court a petition asking it to set aside all proceedings had in said consolidated causes and to transfer such causes to the Supreme Court under §1397 Burns 1914, *supra,* alleging in said petition facts which they claimed showed that jurisdiction of said cases was conferred on the Supreme Court by §1392, cl. 16, Burns 1914, Acts 1907 p. 237. This court thereupon set aside its opinion and all proceedings had in said consolidated cases, and transferred them to the

Supreme Court, under said §1397, *supra.* It was by this method that the cases reached the docket of the Supreme Court. The latter court assumed jurisdiction of them and decided them. The action of this court on the petition to transfer said cases was an express holding by it that jurisdiction of said consolidated cases was in that court, and the assumption of jurisdiction of said cases by the Supreme Court was, under the circumstances, at least an implied holding to the same effect.

The judgments appealed from in these cases and in the instant case are identical in character in the sense that they are each a judgment or interlocutory order for the sale of real estate made on a petition to sell real estate to make assets to pay the debts of an estate of a decedent, the petition in that case being by the administrator, *de bonis non,* with the will annexed, while in this case it is by the executor of the will of the decedent.

In characterizing the appeal in said cases, the Supreme Court, by Cox, J., said: "This is an appeal from an interlocutory order for the sale of real estate," etc. We find nowhere in the statute any jurisdiction conferred on this court in the matter of appeals from interlocutory orders. Such jurisdiction is conferred exclusively on the Supreme Court by clauses 15 to 18, inclusive, of §1392 Burns 1914, *supra.* Clause 16 expressly provides for appeals from "interlocutory orders for the delivery of the possession of real property or the sale thereof." There has been no change or amendment of the law since said decisions that in any way affects jurisdiction of actions of this character. For another case where the Supreme Court has assumed jurisdiction in cases involving appeals from such orders, see *Ditton* v. *Hart, Admx.* (1911), 175 Ind. 585, 95 N. E. 119.

We think that, in so far as the instant case is an appeal from such an order, jurisdiction thereof is clearly in the Supreme Court. It should be stated, however, in this connection, that in the instant case the matters really litigated and determined below, which enter into the judgment appealed from and in fact constitute the part thereof which the appeal seeks to have reviewed, were, in a sense at least, collateral to the proceedings to sell real estate, in that they were in the nature of claims against such estate which, prior to said proceedings, had never been allowed by the executors, or filed for allowance by such executors, or in any way presented to the trial court for its allowance thereof in the manner recognized by law.

As before indicated, but for the fact that such matters enter into the judgment appealed from and present the real questions involved in the appeal, we would have no doubt but that, under the statute and the authorities above cited, jurisdiction of this appeal is in the Supreme Court; and while such fact might furnish some reason for holding that jurisdiction of this appeal is in this court, we feel that, in as much as the final determination of such question is with the Supreme Court, it should be determined in advance of our taking any further steps in the case.

We have already indicated that our former judgment dismissing the appeal should be set aside. This is so because petitions for rehearing have been filed 5. by both parties and our investigation of these petitions and, in connection therewith, of the act concerning civil procedure passed by the last legislature (Acts 1917 p. 523) convinces us that a rehearing must be granted and the case decided on its merits. This is so because the dismissal of the appeal was based upon the fact that a party who was a necessary appellee had been made an appellant instead of an appellee.

MAY TERM, 1917.     141

Lake Mich. Water Co. *v.* U. S. Fidelity, etc., Co.—65 Ind. App. 141.

Section 1 of the act just mentioned provides as follows: "That in all appeals now pending in the supreme or appellate courts of Indiana, or hereafter taken to either of such courts, the parties named in such appeals shall be properly before the court for all purposes, whether such parties be named as appellants or appellees, and the fact that one or more parties are named as appellants when they should be appellees, or appellees when they should be appellants, shall not affect the jurisdiction of the court." This act would require this court, if it had jurisdiction of the appeal, to set aside its former order of dismissal and decide the case on its merits. However, as before stated, if the court had no jurisdiction of the appeal, any opinion upon the merits of the case would be a nullity.

For the reasons indicated, the order of dismissal of the appeal heretofore made is set aside, and the opinion therein withdrawn, and the case transferred to the Supreme Court under §1397 Burns 1914, *supra.* This action of the court renders unnecessary any further or separate action on the petitions for rehearing.

NOTE.—Reported in 116 N. E. 840. Executors and administrators: sale of real estate, parties and procedure, 18 Cyc 704, 743, 754, 755, 80 Am. St. 100.