ESSINGTON ET AL. v. BOWMAN.

[No. 10,241. Filed January 21, 1919.]

1. APPEAL.—*Right of Appeal.*—The right of appeal, except where expressly secured by the Constitution, is purely statutory. p. 185.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal. —Decisions Appealable.*—Where the amount in controversy in a proceeding before the Industrial Board is less than $50, and no question is presented involving any of the matters enumerated in §1391 Burns 1914, Acts 1901 p. 565, an appeal from the award must be dismissed under §1389 Burns 1914, Acts 1903 p. 280, since §61 of the Workmen's Compensation Act, Acts 1915 p. 392, as amended by Acts 1917 p. 54, §8020q2 *et seq.* Burns 1918, restricts the right of appeal to the "same terms and conditions as govern in ordinary civil actions." p. 185.

3. APPEAL.—*Record.—Jurisdiction.—Dismissal.*—Where the record shows that the Appellate Court had no jurisdiction, it is the duty of the court to take notice of its lack of jurisdiction and dismiss the appeal, though the question is not raised by the appellant. p. 186.

4. APPEAL. — *Briefs. — Sufficiency. — Dismissal.* — Where the only question involved requires a consideration of the evidence and the findings of fact based thereon, the failure of the appellant to incorporate in his brief a condensed recital of the evidence and the findings of fact, as required by the rules of briefing, authorizes a dismissal of the appeal. p. 186.

From the Industrial Board of Indiana.

Proceeding by Iva Bowman against John Essington and others for compensation under the Workmen's Compensation Act. From an award in favor of the applicant, the defendants appeal. *Appeal dismissed.*

*R. D. Coburn* and *Orbison & Olive,* for appellants.

BATMAN, P. J.—This is an appeal from an award by the Industrial Board in favor of appellee for $40. The first question to be determined is one of juris-

diction. It is well settled that the right of appeal is wholly statutory, except where expressly secured by the Constitution. *Hall* v. *Kincaid* (1917), 64 Ind. App. 103, 115 N. E. 361. The right of appeal under the Workmen's Compensation Act, Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918, is not a constitutional right, but a purely statutory one. It is given, by §61 of the Workmen's Compensation Act, *supra,* as amended by the act of 1917, which reads as follows: "An award by the full board shall be conclusive and binding as to all questions of fact, but either party to the dispute may, within thirty days from the date of such award, appeal to the appellate court for errors of law *under the same terms and conditions as govern appeals in ordinary civil actions.*" §3, Acts 1917 p. 154, §8020q2 *et seq.* Burns' Supp. 1918. (Our italics.) One of the terms and conditions governing appeals in ordinary civil actions is found in §1389 Burns 1914, Acts 1903 p. 280, which reads as follows: "No appeal shall hereafter be taken to the supreme court or appellate court in any civil case where the amount in controversy, exclusively of interest and costs, does not exceed $50.00, except as provided in section 8 of this act." The exceptions enumerated in said §8, being §1391 Burns 1914, Acts 1901 p. 565, involve questions relating to the validity of a franchise, or of an ordinance of a municipal corporation, or to the constitutionality of a statute, state or federal, or to the proper construction of a statute, or rights guaranteed by the state or federal Constitution. In the event a case falls within one of the exceptions enumerated above, an appeal to the Supreme Court is permitted for the sole purpose of

presenting the question involved in the exception, but that court has no power to determine whether the trial court reached a proper conclusion on the merits of the case. *Chicago, etc., R. Co.* v. *Anderson* (1914), 182 Ind. 140, 105 N. E. 49, Ann. Cas. 1917A 182.

In the instant case the amount in controversy, exclusive of interest and costs, is less than $50, and no question is presented involving any of the enumerated exceptions. An appeal is therefore unauthorized. Under such circumstances it is the duty of this court to take notice of its lack of jurisdiction, and dismiss the appeal, notwithstanding the fact that appellee has not raised the question in any form. *Schultz* v. *Alter* (1915), 60 Ind. App. 245, 110 N. E. 230.

However, if the amount in controversy was sufficient to give this court jurisdiction, nevertheless a dismissal of the appeal would be warranted. The only question which appellants have attempted to present require a consideration of the evidence, and the finding of facts based thereon. Appellant's brief does not contain a condensed recital of the evidence in narrative form, or the finding of facts on which the award is based, as required by the rules governing the preparation of briefs. Under these circumstances a dismissal of the appeal is authorized. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 67 N. E. 183; *State, ex rel.* v. *Kesling* (1911), 176 Ind. 161, 95 N. E. 428.

For the reasons stated the appeal is dismissed.