FRUIT ET AL. *v.* METROPOLITAN SCHOOL DISTRICT OF WINCHESTER-WHITE RIVER TOWNSHIP ET AL.

[No. 30,005. Filed March 9, 1961. Order reinstating opinion of March 9, 1961 filed May 8, 1961.]

622

Robert C. Oliver, of Winchester, and Albert A. Abromson, of Portland, for appellants.

John T. Cook, Mendenhall, Hunter & Stohler, and Zane E. Stohler, all of Winchester, for appellees.

ARTERBURN, J.—The appellants filed an action for a declaratory judgment under §3-1101 (Burns' 1946 Repl.) in two paragraphs. The first paragraph of the amended complaint asked that the School Reorganization Act of 1959 (Ch. 261, Acts 1959) be declared invalid because of the alleged unconstitutional delegation of legislative authority. The second paragraph of the amended complaint asked that the legislature which passed the Acts of 1959 be declared a de facto body and that for that reason the particular reorganization act be declared null and void. A demurrer was sustained to each paragraph of the amended complaint. The sustaining of the demurrer is claimed as error in this appeal.

It appears from the allegations in the complaint that an election was held on June 16, 1959 to determine whether or not the public schools of White River Township and the City of Winchester in Randolph County should be consolidated into a Metropolitan School District under Chapter 261 of the Acts of 1959. The result of this election was that the township vote was against, and the city vote was in favor of the consolidation, while the combined total vote gave the majority in

favor of the consolidation. Steps were accordingly taken pursuant to the statute and a new corporation known as The Metropolitan School District of Winchester-White River Township, assumed charge of the educational system involved.

We first consider the proposition that the legislature of 1959 was not a de jure assembly because under Article 4, Section 4 of the Constitution of the State of Indiana, no enumeration of all the male inhabitants over the age of twenty-one has been provided·for since the year 1921.

State senators and representatives are constitutional officers. If they hold office under color of an election and they discharge the purported duties of office in full view of the public without being intruders or usurpers, then they are at least de facto officials. The authority of a de facto body may not be collaterally attacked. The validity of the acts of de facto officers may only be challenged directly against the individual who purports to hold the office. For the protection of the public who deal with them, the acts of a de facto officer are as valid as the acts of a de jure officer. This rule is well settled. *State ex rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505; *State ex rel.* v. *Board, etc.* (1925), 196 Ind. 472, 149 N. E. 69; *Parker et al.* v. *The State, ex rel. Powell* (1892), 133 Ind. 178, 33 N. E. 119; 43 Am. Jur., Public Officers, §§470, 495.

Therefore, if the plaintiffs' prayer on this point were to be granted and the court should judicially declare the 1959 legislature to have been a de facto assembly, it would avail the plaintiffs nothing in this case. So far as Chapter 261 of the Acts of 1959 is concerned, the act is valid, whether members of the General Assembly be de facto or de jure. *State ex*

*rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505; *State ex rel. Crowmer et al.* v. *Sup. Ct., M. Co. et al.* (1957), 237 Ind. 633, 146 N. E. 2d 88; *Parker et al.* v. *The State, ex rel. Powell* (1892), 133 Ind. 178, 33 N. E. 119; 22 I. L. E., Officers, §7.

Appellants next argue that the legislature cannot constitutionally deprive a school corporation of its existence if a majority of the voters therein will otherwise, as was the case in this instance, of White River Township. It is also urged that the legislature cannot constitutionally delegate the power to tax the newly constituted Metropolitan School Corporation. For a long number of years the legislature of this state has enacted statutes providing for the consolidation of schools by one process or another. Some of these changes were provided for by petition; others by election. By a long line of authorities ending with the case of *Fort Wayne Community Schools* v. *State* (1959), 240 Ind. 57, 159 N. E. 2d 708, it has been held that the legislature has the right and power to determine how the educational system of the state shall be administered and carried out and the school corporations organized under or by virtue of the laws of the state. It is for the legislature to determine whether the administration of school systems shall be exercised by a state board or distributed to local school corporations, and with that determination the judiciary may not interfere. *Ft. Wayne Com. Schools* v. *State* (1959), 240 Ind. 57, 159 N. E. 2d 708; *Follett* v. *Sheldon, Treas.* (1924), 195 Ind. 510, 144 N. E. 867; 11 I. L. E., Education, §11, p. 79.

> " '. . . the legislative department, being the nation itself, speaking by its representatives, has a choice of methods, and is the master of its own discretion.' . . . and may change its plans as often as it deems necessary or expedient; and for mis-

takes or abuses it is answerable to the people, but not to the courts." *The State, ex rel. Clark* v. *Haworth, School Trustee, Etc.* (1890), 122 Ind. 462, 23 N. E. 946, 948.

As to the power to levy taxes for school purposes, it is well settled that the legislature may either exercise the power itself or delegate it to local governmental units. *Robinson, Treasurer* v. *Schenck* (1885), 102 Ind. 307, 1 N. E. 698.

The legislature may enact a law which shall apply to those districts where an election or local option votes in favor of its application. *Martin* v. *Ben Davis Conservancy Dist.* (1958), 238 Ind. 502, 153 N. E. 2d 125.

The legislature may consolidate schools by resolution without notice to the voters and without any referendum or election. It may do so without holding an election and without notice, it certainly may provide for conditions under which the act shall be applicable by way of elections. *State ex rel. Harris, etc.* v. *Mutschler, et al.* (1953), 232 Ind. 580, 590, 115 N. E. 2d 206, 210.

Finally, it is urged that the court should not have permitted the filing of a demurrer to the complaint. There is no showing in the record that the appellants objected to the demurrer or moved to strike out the demurrer on the ground that it was not a proper pleading. The appellants may not on appeal for the first time raise the objection and claim error. *State ex rel. Barner et al.* v. *White Cir. Ct. et al.* (1958), 237 Ind. 443, 147 N. E. 2d 10; *State, ex rel.* v. *Harrington* (1910), 174 Ind. 730, 9 N. E. 1; *Stribling* v. *Brougher* (1881), 79 Ind. 328.

The demurrer raised the same issue sought to be raised by the complaint for a declaratory judgment. If

there were a dispute as to facts, an answer would have put the facts in issue. The facts, however, were not in dispute, but admitted by the demurrer. The demurrer raised the legal issue sought. Appellants have not been harmed by the filing of a demurrer. *Harris* v. *Randolph County Bank* (1901), 157 Ind. 120, 60 N. E. 1025; Burns', §2-1071, 1946 Replacement.

The judgment is affirmed.

Bobbitt, C. J., and Achor, J., concur.

Jackson, J., concurs in result.

Landis, J., not participating.

NOTE.—Reported in 172 N. E. 2d 864.