STATE EX REL. KISER ETC. *v.* MILLSPAUGH ETC.

[No. 30,067. Filed May 26, 1961.]

motion for new trial. This fact was also assigned as cause for new trial.

*Patrick N. Ryan,* of Marion, for appellant.

*Howell D. Nesbitt* and *Batton, Harker, Kiley & Osborn,* both of Marion, for appellee.

BOBBITT, J.—Relator-appellant brought this action on "Information in Quo Warranto" pursuant to the provisions of Acts 1929, ch. 221, §2, p. 806, being §3-2001 (1), Burns' 1946 Replacement, in an effort to test the right of the respondent-appellee herein to the office of chairman of the Grant County (Indiana) Democratic Central Committee.

The cause was submitted to the trial court on relator-appellant's complaint and the verified answer in abatement filed by respondent-appellee. The trial court found that it had no jurisdiction of the subject matter of the complaint and entered judgment pursuant to such finding.

The question here presented is: Do courts have jurisdiction to entertain quo warranto proceedings to determine the right to the office of county chairman of a political party?

The complaint alleges *inter alia* that relator-appellant herein was duly elected chairman of the Grant County (Indiana) Democratic Central Committee at a called meeting of such committee held on May 7, 1960, pursuant to the provisions of Acts 1945, ch. 208, and Acts 1949, ch. 25, as amended, being §29-2901, *et seq.,* Burns' 1949 Replacement; that on May 11, 1960, respondent (appellee herein) usurped such office and "has illegally and improperly held the same since said time"; and that "relator herein has exhausted his appeals to the Fifth District Democratic Central Committee and the Indiana Democratic Central Committee," both of which "by reason of improper influences and mistakes of law have denied Relator's appeals."

Proceedings in Indiana for the filing of an information in the nature of quo warranto are governed by statute, and are limited to such cases as are specifically designated therein.[1]

Section 3-2001(1), *supra*, provides that an information may be brought against any person who "shall usurp, intrude into, or unlawfully hold or exercise any public office or any franchise within this state, or any office in any corporation created by the authority of this state."

Political parties are unincorporated associations composed of persons who voluntarily act together for certain political purposes. *State ex rel. v. Marion Circuit Court* (1925), 199 Ind. 4, 7, 145 N. E. 883; *Harrell* v. *Sullivan* (1942), 220 Ind. 108, 121, 122, 40 N. E. 2d 115, 41 N. E. 2d 354, 140 A. L. R. 455; 29 C. J. S., Elections, §84, p. 107. It must then follow that the county chairman of a political party is not an office in "any corporation" created by the authority of the State.

Relator-appellant asserts, however, that the chairman of the county central committee of a political party holds a public office or franchise and is, therefore, entitled to avail himself of the remedy provided by §3-2001(1), *supra*.

The office of county chairman of a political party is not a privilege or right conferred by a special grant of the State, but by the county precinct representatives of the party and it is, therefore, not a franchise[2] within the meaning of the statute.[1]

The county chairman of a political party is the chief

---

1. See: Section 3-2001, Burns' 1946 Replacement, for limitation of cases where information in the nature of quo warranto may be brought.

2. See: *Hulbert* v. *Mybeck* (1942), 220 Ind. 530, 534, 44 N. E. 2d 830, 14 I. L. E., Franchises, §1, p. 150, for definition of franchises.

officer of the party in the county. Although his duties are in some measure regulated by statute, his principal and primary duties and powers inhere within the party, and those added by statute are merely incidental to his party function. He does not perform any of the functions of the legislative, judicial or executive departments of the State Government, nor is he vested with any authority pertaining to the sovereignty of the State. His is a party employment as distinguished from a public charge or employment. *Commonwealth ex rel. Koontz* v. *Dunkle* (1947), 355 Pa. 493, 50 A. 2d 496, 497, 169 A. L. R. 1277. Cf.: *Wells* v. *State ex rel.* (1911), 175 Ind. 380, 94 N. E. 321, Anno. Cas. 1913C 86; *State ex rel. Black* v. *Burch* (1948), 226 Ind. 445, 456, 80 N. E. 2d 294.

For the foregoing reasons the chairman of a political party is, in our judgment, not a public office within the meaning of §3-2001(1), *supra*.[3] As we have indicated hereinabove, a proceeding for the filing of an information in the nature of a quo warranto in Indiana is statutory, and unless all jurisdictional averments required by the statute, under which it is brought, are contained in the petition, the court in which it is filed, as well as any court to which it may be transferred on appeal, has no jurisdiction of the case. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 14, 106 N. E. 2d 441; 74 C. J. S., Quo Warranto, §37(c), p. 241.

In order to confer jurisdiction upon a court to hear a proceeding in the nature of quo warranto under §3-2001(1), *supra*, the petition must show on its face that a public office, a franchise "within this state," or an office in any corporation created

3. See: *Morris* v. *Peters* (1948), 203 Ga. 350, 46 S. E. 2d 729, 734, for list of authorities from other jurisdictions so holding.

under the laws of the State, is usurped, "intruded into" or is unlawfully held. *Stultz et al.* v. *The State ex rel. Steele, Prosecuting Attorney* (1878), 65 Ind. 492, 499; *State ex rel. N. Y. C. Ry.* v. *Starke Cir. Ct. et al.* (1952), 231 Ind. 360, 366(2), 108 N. E. 2d 708; 74 C. J. S., Quo Warranto, §37(c), p. 241, *supra.*

The petition of relator-appellant herein fails to show that the office of Democratic County Chairman falls within the categories named in the statute and consequently the trial court was, and this court is, without jurisdiction of the subject matter of the proceeding herein.

The Party Organization Act, §29-2901, *et seq.*, Burns' 1949 Replacement, provides the method of the election of a county chairman and vests the State Central Committee with the power to provide by proper rules and regulations for all matters of party government which are not controlled by law. Appellant asserts that such Act "gives the appellant a statutory right and the constitutional provision allowing every man due course of law is self-executing."

In an attempt to apply the maxim that "for every right there must be a remedy," appellant relies upon a statement in *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 114, 26 N. E. 2d 399, as follows:

> "Where a self-executing constitutional right is violated, no statutory remedy is necessary for its protection. Under such circumstances it would become the duty of this court to supply the procedure."

There is no constitutional right to the office of county chairman of a political party and the rule above quoted has no application here.

To further sustain his position that this court should provide him with a remedy other than that provided by

the rules of the Democratic State Central Committee[4] appellant relies upon *Morris* v. *Peters* (1948), 203 Ga. 350, 46 S. E. 2d 729, wherein the Supreme Court of Georgia has held that the Georgia statute gives the State Chairman of a political party a status equivalent to a corporate office, and gives such office a legal status within the provisions of the Georgia Quo Warranto Statute. This case is neither controlling nor persuasive here because of the material differences in the Georgia[5] and Indiana[6] statutes relating to the position of political party chairmen.

Appellee has filed a motion to dismiss or affirm, but has not raised the question of jurisdiction of the subject matter in this court. However, when there is a lack of jurisdiction of the subject matter in the trial court, the question thereof may be raised at any time before the final decision, and if not raised by a party to the appeal it is our duty sua sponte to raise and determine it. *State ex rel. Ayer* v. *Ewing, supra* (1952), 231 Ind. 1, 10, 106 N. E. 2d 441; *Michigan Mutual Life Insurance Co.* v. *Frankel* (1898), 151 Ind. 534, 539, 50 N. E. 304; *Essington* v. *Bowman* (1919), 69 Ind. App. 184, 186, 121 N. E. 548; *Huber et al.* v. *Beck et al.* (1893), 6 Ind. App. 47, 50, 32 N. E. 1025.

The trial court having no jurisdiction of the subject matter of the proceedings herein, its judgment abating the action for want of jurisdiction is affirmed.

Because of the result we have reached sua sponte, we have not considered the merits of appellee's motion to dismiss or affirm.

---

4. Such rules providing for appeals within the party under which rules appellant admits he was unsuccessful.

5. Ga. Code Ann., §34-3212, *et seq.* (Supp. 1958).

6. Acts 1949, ch. 25, §1, p. 43, being §29-2901, Burns' 1949 Replacement.

Judgment affirmed.

Landis, C. J., Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 13.