KELLER ET AL. *v.* REYNARD, AS TRUSTEE OF DELAWARE
SCHOOL TOWNSHIP, ETC., ET AL.

[No. 20,522. Filed March 2, 1967. Rehearing denied April 19, 1967.
Transfer denied September 13, 1967.]

*Sidney E. McClellan,* of Muncie, and *Donald E. Bowen* and *Bowen, Myers, Northam & Givan,* both of Indianapolis, all for appellants.

*White, Haymond, Pierce, Beasley & Gilkison* and *Frank E. Gilkison, Jr.,* both of Muncie, and *Hunter, Stohler, McCoy & Sullivan,* of Winchester, all for appellees.

COOPER, C. J.—This attempted appeal comes to us from the Randolph Circuit Court. From the record now before us, it affirmatively appears that the Appellants herein filed their complaint below, contesting the establishment and creation of a proposed four-unit metropolitan school district in Delaware County, Indiana, pursuant to Chapter 226 of the Acts of 1949, (Burns' Indiana Statutes, Sections 28-2431—28-2453 inclusive), commonly known as the Metropolitan School District Act, seeking a declaratory judgment and temporary and permanent injunctions.

The Appellees herein filed in the trial court a timely Motion to Dismiss, averring as the basis therefor the lack of jurisdiction of that Court over the subject matter in this particular cause. We fail to find anywhere in the record the ruling of the trial court on the Motion to Dismiss.

The record reveals, in substance, that the cause was sub-

mitted on stipulation of facts and thereafter the trial court entered its findings of fact and conclusions of law thereon. Judgment was rendered against the Plaintiffs below, the Appellants herein, and after the Court overruled the Appellants' Motion for a New Trial, this attempted appeal followed. In this Court the Appellees, the Defendants below, incorporated in their Appellees' Brief their Motion to Dismiss for Lack of Jurisdiction of the Subject Matter, renewing their contention that the trial court lacked jurisdiction of the subject matter in this particular case. The Motion to Dismiss was held in abeyance until the matter was fully briefed and argued before this Court.

It is the duty of a court, including this Court, to determine whether it has jurisdiction before it proceeds to determine the rights of the parties on the merits. *Huber, et al., v. Beck, et al.,* (1893) 6 Ind. App. 47, 32 N. E. 1025.

We now belatedly take up the Appellees' Motion to Dismiss For Lack of Jurisdiction of the Subject Matter. In reviewing the applicable statutes, we find that Chapter 367, Section 3, of the Acts of 1959, the same being Section 28-5948, Burns' Indiana Statutes (1963 Supp.) provides:

> "In all instances where attempts are made, or have been made, to consolidate or join together school corporations under the provisions of chapter 123 of the Acts of the Indiana General Assembly of 1947, . . . as the same has been amended, or Chapter 226 of the Acts of 1949, . . ., as the same has been amended, and where an election on the question of consolidation has been held and the certificate certifying the vote is filed as provided by law or where in the event no election is held the number of days allowed by such statutes for filing a petition for an election has expired, *any action hereafter filed to test or question the legality of the consolidated school corporation shall only be brought in an action of quo warranto in the name of the state of Indiana on information filed by the prosecuting attorney of the county wherein the principal office of such consolidated school corporation is located.*" (Our emphasis)

It is apparent from the foregoing statute that the legislature not only provided for elections, but also provided the exclusive remedy to be followed in testing the legality of such elections.

The Appellants contend that the Court below had the inherent right to hear and determine such matter. We cannot agree with the Appellants' contention. Under the constitution of Indiana our General Assembly has the *sole power* to determine how and by what instrumentalities our common school systems shall be administered and carried into effect.

Constitution of Indiana, Art. 8, Sec. 1.

In the recent case of *Fruit* v. *Metropolitan School District of Winchester* (1961) 241 Ind. 621, 626, 172 N. E. 2d 864, Judge Arterburn, in speaking for our Supreme Court stated in part:

> "The legislature may consolidate schools by resolution without notice to the voters and without any referendum or election. It may do so without holding an election and without notice, it certainly may provide for conditions under which the act shall be applicable by way of elections. *State ex rel Harris, etc.,* v. *Mutschler, et al.,* (1953) 232 Ind. 580, 590, 115 N. E. 2d, 206, 210."

It would necessarily follow that the legislature could also provide for an exclusive remedy to test the legality of such consolidation.

It is the general rule of law, that statutory provisions requiring an action to be brought in the name of the State on the relation of an interested party are mandatory and must be followed exclusively. *Board of Public Safety of the City of Muncie, et al.,* v. *Walling, et al.* (1933) 206 Ind. 540, 546, 187 N. E. 385; *Jackson, et al.* v. *Rounds, Assignee,* (1877) 59 Ind. 116, 119; Lowe's Revision, Works' Indiana Practice, Vol. 1, Sec. 7.45, p. 202.

Sutherland's Statutory Construction, Vol. 2, pp. 1048, 1049, Secs. 565, 566, announces the rule as follows:

> "A statutory remedy or proceeding is confined to the very case provided for and extends to no other. It cannot be enlarged by construction, nor be made available or valid except on the statutory conditions, that is, by strictly following the directions of the act.
>
> "A party seeking the benefits of such a statute must bring himself strictly not only within the spirit but its letter; he can take nothing by intendment."

The complaint in the record now before us affirmatively shows that the proceedings below were not in quo warranto, brought by the Prosecuting Attorney in the name of the State of Indiana as provided by Burns' Indiana Statutes, Sec. 3-2002, et seq., but were in fact, proceedings brought by several individuals in an attempt to test the legality of a school election held under and pursuant to Ch. 226 of the Acts of 1949. It appears that the relief sought was a declaratory judgment and injunctions, both temporary and permanent, notwithstanding the provisions of Burns' Indiana Statutes, Section 28-5948 (1966 Cum. Supp.) which has been in force and effect since March 13, 1959. Section 28-5948 confers jurisdiction of the subject matter in the court below only by way of quo warranto proceedings brought by the prosecuting attorney on relation of the State of Indiana.

When there is a lack of jurisdiction of the subject matter in the trial court, the question thereof may be raised at any time before the final decision, and where such lack of jurisdiction is apparent and not raised by a party, it is the court's duty *sua sponte* to raise and determine it. *State ex rel Kiser, etc.* v. *Millspaugh, etc.*, (1961) 241 Ind. 656, 662, 175 N. E. 2d 13; *State, ex rel. Ayer* v. *Ewing* (1952) 231 Ind. 1, 106 N. E. (2d) 441; *Essington, et al.* v. *Bowman* (1919), 69 Ind. App. 184, 121 N. E. 548; *Nation, et al.* v. *Green, Executor, et al.*, (1917) 65 Ind. App. 136, 116 N. E. 840; *Prather* v. *Brandon* (1909) 44 Ind. App. 45, 88

N. E. 700; *Michigan Mutual Life Insurance Company* v. *Frankel* (1898) 151 Ind. 534, 50 N. E. 304; *Huber, et al.,* v. *Beck, et al.,* (1893) 6 Ind. App. 47, 32 N. E. 1025.

The Appellees' Motion to Dismiss is sustained. Costs versus Appellants.

Carson, J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 223 N. E. 2d 774.