**DAILEY OIL, INC., Appellant–Complainant,**

v.

**JET STAR, INC., Appellee–Respondent.**

**No. 93A02–9407–EX–410.**

Court of Appeals of Indiana.

May 25, 1995.

Robert B. Hebert, Johnson, Smith, Densborn, Wright & Heath, Indianapolis, for appellant.

Robert W. Loser, II, Brett Ryan Fleitz, Steers Sullivan, P.C., Indianapolis, for appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Appellant-complainant, Dailey Oil, Inc. ("Dailey Oil"), seeks judicial review of a decision of the Indiana Department of Revenue. We dismiss the appeal.

### Issue

Dailey Oil presents one issue for review; however, we find the following issue dispositive: whether the Court of Appeals has jurisdiction to review a decision of the Department of Revenue.

### Facts and Procedural History

On June 28, 1993, Dailey Oil filed a complaint with the Indiana Department of Revenue alleging that Jet Star, Inc. ("Jet Star") was engaging in the intrastate transportation of property without the requisite authority from the Department. Jet Star answered the complaint, and the parties entered stipulated facts and cross-moved for summary judgment. The Department issued its final order on June 14, 1994, granting Jet Star's motion for summary judgment. Dailey Oil appeals directly to this court.

### Discussion and Decision

■ It is the duty of a court, including this court, to determine whether it has jurisdiction before it proceeds to determine the rights of the parties on the merits. *Keller v. Reynard* (1967), 140 Ind.App. 468, 223 N.E.2d 774.

The Indiana Court of Appeals has exclusive original jurisdiction to review final decisions of select administrative agencies. This jurisdiction originates in Article 7, Section 6 of the Indiana Constitution, which provides:

The Court shall have no original jurisdiction, except that it may be authorized by rules of the Supreme Court to review directly decisions of administrative agencies. In all other cases, it shall exercise appellate jurisdiction under such terms and conditions as the Supreme Court shall specify by rules which shall, however, provide in all cases an absolute right to one appeal and to the extent provided by rule, review and revision of sentences for defendants in all criminal cases.

Our Supreme Court has, by rule, exercised its authority to confer original jurisdiction on the Court of Appeals to review decisions of certain administrative agencies. Indiana Appellate Rule 4(C) provides:

The Court of Appeals shall have jurisdiction to entertain actions in aid of its appellate jurisdiction and to review final decisions of the Workers' Compensation Board, the Department of Employment and Training Services, the Utility Regulatory Commission, and the Civil Rights Commission, and review final decisions of administrative bodies, boards, and persons as provided by statute for the Appellate Court and Court of Appeals.

■ Thus, the Court of Appeals has no original jurisdiction except that which may be authorized by rule of the Supreme Court. As set out in Appellate Rule 4(C), this court has jurisdiction to review final decisions of only the Workers' Compensation Board, the Department of Employment and Training Services, the Utility Regulatory Commission, the Civil Rights Commission, and other administrative bodies, boards, and persons as provided by statute. This court does not have jurisdiction to review final decisions of the Indiana Department of Revenue.

■ The unusual posture of this case results from the legislature's recodification of the Motor Carrier Act of 1935. Historically, motor carrier authority proceedings were under the jurisdiction of the Utility Regulatory Commission. *See* IC 8–2–7–6, repealed by 1988 Ind.Acts Pub.L. No. 72–1988 §§ 10, 17; 1989 Ind.Acts Pub.L. No. 99–1989, § 37. Effective July 1, 1988, all motor carrier regulatory powers were transferred to the Indiana Department of Revenue. 1988 Ind.Acts Pub.L. No. 72–1988, § 12. However, nowhere in the recodified act did the legislature provide for judicial review of Department of Revenue decisions by the Court of Appeals.

Also, since the recodification, Appellate Rule 4(C) has not been amended to authorize the jurisdiction of this court to review decisions of the Department of Revenue.

The unexpected and unanticipated consequence of the legislature's transfer of motor carrier authority from the Utility Regulatory Commission to the Department of Revenue is that decisions regarding motor carrier regulation cannot be reviewed directly by the Court of Appeals. Absent authority by rule of our supreme court, we are without original jurisdiction to review decisions of the Department of Revenue, and are compelled to dismiss the appeal.

Dismissed.

RILEY and KIRSCH, JJ., concur.