## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 26 2016, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

**APPELLANT *PRO SE***

Carl Mickens
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carl Mickens, | January 26, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A05-1508-PL-1133 |
| v. | Appeal from the Marion Superior Court |
| CMFG Life Insurance Company, | The Honorable Timothy W. Oakes, Judge |
| *Appellee-Plaintiff* | The Honorable Shannon L. Logsdon, Commissioner |
| and | Trial Court Cause No. 49D02-1409-PL-30983 |
| The Estate of Harvey Mickens, Synovia Vardiman & Pearline Harris, Individually and as Administrators of the Estate of Harvey Mickens. | |
| *Appellees-Defendants*. | |

**Bradford, Judge.**

# Case Summary

[1] Appellant Carl Mickens appeals from the trial court's determination that certain life insurance proceeds should be paid to the Estate of his now-deceased brother. We affirm.

# Facts and Procedural History

[2] Initially, we note that the record provided to the Court on appeal is incomplete at best and lacks the transcript of the two-day evidentiary hearing before the trial court. As such, we will rely on the trial court's findings to determine the facts and procedural history leading to the instant appeal. The facts as found by the trial court are as follows:

[3] At all times relevant to this appeal, Harvey Mickens had a valid $10,000 life insurance policy through CMFG Life Insurance Company. In March of 2014, Harvey made changes to his policy via telephone. Specifically, Harvey changed the policy from a term life insurance policy naming his late wife as the beneficiary to a whole life policy naming Mickens as the beneficiary. Harvey died on July 15, 2014.

[4] Following Harvey's death, a dispute arose about whether the proceeds of Harvey's life insurance policy should be paid to Mickens or to Harvey's Estate. The trial court conducted a two-day evidentiary hearing on April 13, 2015 and

May 4, 2015.  On August 3, 2015, the trial court issued an order in which it determined that the evidence demonstrated that the change in beneficiaries was the result of undue influence and duress by Mickens upon Harvey.  The trial court also determined that the change in beneficiary was completed in a manner inconsistent with the written policies of CMFG, which required that all changes in beneficiaries be completed in writing, and that the change in beneficiary was therefore invalid.  In light of these determinations, the trial court ordered CMFG to pay the proceeds of Harvey's life insurance policy to Harvey's Estate. This appeal follows.

# Discussion and Decision[1]

[5] Mickens raises several issues on appeal which we restate as follows: (1) whether the trial court erred in ordering CMFG to pay the proceeds of Harvey's life insurance policy to Harvey's Estate rather than to Mickens, (2) whether the trial court's ruling is contrary to public policy, (3) whether the trial court displayed bias against Mickens, and (4) whether the trial court erred in taking the Estate's request for attorney's fees under advisement.  As we noted above, our review of the instant matter is made more difficult by Mickens's failure to provide a

---

[1] We note that the Estate has filed a motion to dismiss the instant appeal, claiming that Mickens has failed to comply with the Indiana Rules of Appellate Procedure, has failed to state a claim upon which relief can be granted, and that we lack jurisdiction over Mickens's claim relating to the Estate's request for attorney's fees.  Given our preference for deciding appeals on the merits, where possible, we deny the Estate's motion in an order handed down simultaneously with this memorandum decision.

transcript of the evidentiary hearing on appeal. However, to the extent possible, we will review the merits of Mickens's appeal.

# I.  Payment of Proceeds of Life Insurance Policy

[6]   In concluding that the proceeds of Harvey's life insurance policy should be paid to Harvey's estate, the trial court specifically found that the change in the beneficiary from Harvey's late wife to Mickens "was the result of undue influence and duress" by Mickens upon Harvey. Appellant's App. p. 8. Mickens does not challenge this finding on appeal. This unchallenged finding alone is sufficient to sustain the trial court's conclusion that the proceeds of Harvey's life insurance policy should not be paid to Mickens. *See generally*, *In re Estate of Wade*, 768 N.E.2d 957, 963 (Ind. Ct. App. 2002) (providing that the undisputed evidence created the presumption that certain transactions relating to a life insurance policy were the result of undue influence and were therefore void). Further, in light of the trial court's finding that the change in beneficiary was the result of undue influence and duress, we need not consider the trial court's alternative reasoning, *i.e.*, that the change of beneficiary was not completed in a manner consistent with CMFG's written policies.

# II.  Public Policy Concerns

[7]   To the extent that Mickens argues that the trial court's order is contrary to the best interests of public policy, we disagree. Mickens appears to base this argument on the assertion that, as a matter of public policy, an individual should be allowed to change the beneficiary of their life insurance policy via the

telephone. We cannot agree with such a broad assertion. Further, as we discussed above, the trial court's order was supported by the unchallenged finding that the change in beneficiary was the result of undue influence and duress by Mickens against Harvey. Clearly, public policy does not favor allowing an individual to convince a family member to name him as the beneficiary of the family member's life insurance policy by means of undue influence or duress.

## III. Alleged Bias

[8] Mickens claims that the trial court acted with bias against him by erroneously allowing "sibling rivalry to permeate the proceedings," by unjustly refusing to allow him to testify after allowing the other defendants, his siblings, "to provide any manner of testimony they seemingly desired," and by denying his motion for summary judgment. Appellant's Br. pp. 12, 13. We observe that in raising these claims, however, Mickens has failed to provide cogent reasoning or citations to relevant authority in support of them. Specifically, Mickens has failed to provide any indication of how the trial court allowed sibling rivalry to "permeate the proceedings." Br. p. 12. Mickens has failed to provide this Court with a copy of the transcript of proceedings before the trial court or any other evidence which would show that his siblings, but not Mickens, were allowed to "provide any manner of testimony they seemingly desired." Appellant's Br. p. 13. Mickens has also failed to develop his argument that the trial court's denial of Mickens's motion for summary judgment was evidence of bias against him by the trial court.

Appellate Rule 46(A)(8)(a) provides that an appellant's argument *must* be supported by cogent reasoning and citation to relevant authorities, statutes, the Appendix, or parts of the Record on Appeal.

> It is well settled that we will not consider an appellant's assertion on appeal when he has not presented cogent argument supported by authority and references to the record as required by the rules. *Pitman v. Pitman*, 717 N.E.2d 627, 633 (Ind. Ct. App. 1999). Additionally, "'[w]e will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood.'" [*Ramsey v. Review Bd. on Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 486 (Ind. Ct. App. 2003)] (quoting *Terpstra v. Farmers and Merchants Bank*, 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *trans. denied*).

*Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003).

Mickens's claim relating to the alleged bias demonstrated by the trial court is too poorly developed to be understood. Mickens, who proceeded on appeal pro se, must be held to the same established rules of procedure that a trained legal counsel is bound to follow and, "therefore, must be prepared to accept the consequences" of his failure to comply with Appellate Rule 46(A)(8)(a). *See id*. As such, because Mickens has failed to provide cogent argument and citations to relevant authority relating to his claim that the trial court demonstrated bias against him, we conclude that Mickens has waived this argument on appeal.

# IV.  Attorney's Fees

The trial court's order clearly indicates that the trial court has not issued a final ruling on the Estate's request for attorney's fees but rather has merely taken the issue under advisement. Further, nothing in the record even suggests that the trial court has certified this issue for interlocutory appeal. As there has been no final judgment on this issue or order certifying the issue for interlocutory appeal, we lack jurisdiction to review Mickens's claim regarding attorney's fees. *See generally*, *Dailey Oil, Inc. v. Jet Star, Inc.*, 650 N.E.2d 345, 347 (Ind. Ct. App. 1995) (providing that absent authority by rule of our supreme court, we are without original jurisdiction to review issues presented on appeal).

# Conclusion

In sum, we conclude that the trial court did not err in concluding that the change of beneficiary on Harvey's life insurance policy was invalid or in ordering CMFG to pay the proceeds of Harvey's life insurance policy to Harvey's estate rather than Mickens. We further conclude that the trial court's order is not contrary to public policy, that Mickens has waived his claim of alleged bias by the trial court, and that we lack jurisdiction to review the trial court's decision to take the Estate's request for attorney's fees under advisement.

The judgment of the trial court is affirmed.

Pyle, J., concurs.

Baker, J., concurs in part with opinion.

| | |
|---|---|
| Carl Mickens, | Court of Appeals Case No. 49A05-1508-PL-1133 |
| *Appellant-Defendant,* | |
| v. | |
| CMFG Life Insurance Company, | |
| *Appellee-Plaintiff,* | |
| and | |
| The Estate of Harvey Mickens, Synovia Vardiman & Pearline Harris, Individually and as Administrators of the Estate of Harvey Mickens, | |
| *Appellees-Defendants.* | |

**Baker, Judge, concurring in part.**

[14] As I agree with the majority's conclusion that we do not have jurisdiction to hear this case and have voted to grant the appellees' motion to dismiss the appeal, I concur only with Part IV of the majority opinion.